106                AURORA FIRE INS. CO. *v.* EDDY.        [Sept. T.,

Syllabus.

# THE AURORA FIRE INSURANCE COMPANY

*v.*

# JAMES W. EDDY.

1. INSURANCE—*of the policy—rule of construction.* The rules by which a policy of insurance is to be construed, and the principles by which it is to be governed, do not differ from other mercantile contracts.

2. SAME—*conditions and provisions in policy—construed strictly against insurers.* But conditions and provisions in a policy of insurance are to be construed strictly against the underwriters.

3. SAME—*construction of a particular clause in a policy.* Where a policy of insurance contained the following clause: "It is expressly agreed that the assured is to keep eight buckets filled with water, on the first floor where the machinery is run, and four in the basement by the reservoir, ready for use at all times in case of fire": *Held,* that this could not be considered either as a condition or proviso in the policy, but was an express agreement on the part of the assured, and which must be construed like other agreements.

4. The rule for the construction of such an agreement is, that while the assured will not be held to a literal compliance with the warranty, as for instance, in keeping the buckets filled with water during the winter season, when no fires were allowed in the building, which might be impossible, and could not have been contemplated by the parties, yet it is, under such agreement, incumbent on the assured to keep the required number of buckets in good and serviceable condition, at the places designated, ready for instant use. A failure to do which, should a fire occur, would prevent a recovery upon the policy.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Mr. S. W. BROWN, for the appellants.

Mr. CHARLES WHEATON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, on a policy of insurance of four thousand dollars on a three story flax factory, brought by James W. Eddy, against the Aurora Fire Insurance Company, and which resulted in a verdict and judgment for the plaintiff for three thousand five hundred dollars.

To reverse this judgment the defendants have appealed to this court, and several points are made, but one of which we deem important to notice.

The policy contains this clause:

"It is expressly agreed, that the assured is to keep eight buckets filled with water on the first floor where the machinery is run, and four in the basement by the reservoir, ready for use at all times in case of fire; also, that smoking shall be strictly prohibited in or about the building."

The application for insurance contained a like agreement.

There was proof that some buckets were in the building, and that sometimes all of them would be above, and sometimes all below.

The court, on behalf of the plaintiff, instructed the jury, that insurance policies were to be liberally construed in favor of the assured, and strictly construed against the underwriters, and that a substantial compliance with the stipulations of the policy was all that was required on the part of the assured, and if the jury believe, from the evidence, that the plaintiff substantially complied with the stipulation concerning keeping the buckets of water in the building insured, contained in the policy in this case, then that was all that was required of the assured under the stipulation, and on that point the law was with the plaintiff.

This instruction, and one refused for defendants on the same subject, is the part of the case we have considered.

As to the first branch of plaintiff's instruction, we have always understood that the rules by which a policy of

insurance is to be construed, and the principles by which it is to be governed, do not differ from other mercantile contracts, but conditions and provisions in such policies are to be construed strictly against the underwriters, for the reason that they tend to narrow the range and limit the force of the principal obligation; but this was not a condition or proviso in the policy, but an express agreement of the assured, to be construed by the same rules by which other agreements are construed. But, if the underwriters have left their design or object doubtful by the use of obscure language, the construction ought to be, and will be, most unfavorable to them, but nothing of that kind is apparent here. It was an express agreement of the nature of a promissory warranty that the assured would have the number of buckets specified always filled with water and disposed upon the floors as therein stated.

Appellee has referred to some cases in which a stipulation in a policy that a watchman was kept on the premises does not require that a watchman be kept there constantly, but only at such times as men of ordinary care and skill in like business keep a watchman on their premises. *Houghton* v. *Manuf. Ins. Co.*, 8 Metcalf, 122, and *Crooker* v. *People's Mutual Ins. Co.*, 8 Cush. 69. These cases go to the extent claimed. Those cases and *Hovey* v. *Amer. Mutual Ins. Co.*, 2 Duer, 554, proceed upon the ground that the spirit of the warranty was that there should be a competent night watch kept on the insured premises, and one who might be confided in for the faithful performance of such duty.

Other respectable courts have not gone quite to the extent of those cases on this point. In the case of *Glendale Woolen Co.* v. *The Protection Ins. Co.*, 21 Conn. 19, it was held, where one condition of the policy was there should be a watchman nights, that was a warranty by the assured, that they would keep a watchman in the mill through the hours of every night in the week, and the watchman having been absent on Sunday morning early, when the fire occurred, there could be no

recovery on the policy.   The court said, where there is no.
imperfection or ambiguity in the language of a contract, it will
be considered as expressing the entire and exact meaning of
the parties, and no evidence of extrinsic matters or usages
will be received to vary the terms expressed.   The case of
*Sheldon & Co.* v. *The Hartford Fire Ins. Co.*, 22 ib. 235, is to
the same effect.

In the review of the cases on this subject which time has
enabled us to make, we have thought there was a just mean
between the extremes of the different cases examined, which,
when found, would establish a satisfactory rule.

Whilst this is an express agreement of these parties, and
giving force and effect to the well recognized rules for con-
struing agreements, in which the intention of the parties is an
important element, we think the court, in construing it, by the   .
fourth instruction complained of, misled the jury.

It could not have been in the reasonable contemplation of
either of these parties, that in a cold mill, where fires were
not allowed in the winter season, buckets of water should
be on hand at all times, for this might have been an impossi-
bility ; nor could it have been understood that the buckets
should be covered up and hid from ready access by piles of
flax,  or stowed in an out-of-the-way place.

We think, therefore, that the jury should have been told,
that, whilst from freezing, or other unavoidable causes, a lite-
ral compliance with the warranty might have been impossible,
and could not have been in the contemplation of the parties,
still it was incumbent on the assured to show that the required
number of buckets, in good and serviceable condition, was at
the places designated in the agreement ready for instant use.
What was a substantial compliance was a mixed question.   By
the instruction we think the court should have given, as above,
the attention of the jury would be. fixed upon certain facts
necessary to be proved, which, when proved, would hold the
underwriters and show a compliance with the agreement in its

spirit and intent. As given, the instruction must have misled the jury,—it gave them too wide a discretion,—and was erroneous, and this error must reverse the judgment. *Taylor* v. *Beck*, 13 Ill. 386. These remarks render any notice of the defendants' instructions on the same subject, unnecessary at this time.

The judgment is reversed and the cause remanded.

*Judgment reversed.*