THE NIAGARA FIRE INSURANCE COMPANY

*v.*

J. YOUNG SCAMMON.

*Filed at Ottawa November 10, 1881.*

1. INSURANCE—*notice of loss, when in time.* A provision in a policy of insurance requiring the insured to give *immediate* notice of a loss, is not to be taken literally, but only requires that the notice shall be given with due diligence, under the circumstances of the case, and without unnecessary and unreasonable delay.

2. A policy of insurance against fire required "immediate" notice of any loss to be given, and a loss by fire occurred on July 14, 1874, and a notice of the loss dated July 29, 1874, was served on the agent of the insurance company on August 5, 1874. The insured testified that such policy and others at the time of the loss were in the custody of a mortgage company, that he had no description of them, that he called on the agent of that company and got them, and just as soon as he could be about he gave notice to the insurance companies: *Held,* that this court could not say the court below erred in

finding that there had been a compliance with the requirement of the policy for giving "immediate" notice of the loss.

3. SAME—*policy construed as to time of furnishing proof of loss.* A clause in a policy of insurance that "in case of loss the insured shall give immediate notice thereof, in writing, and shall render to the company a particular account of said loss, in writing, under oath," etc., where it is further provided that "until such proofs and certificates are produced, and examination and appraisal permitted, the loss shall not be deemed proved or payable," does not require that proof of the loss shall be furnished immediately, as in the case of the notice of the loss. But the loss not being payable until sixty days after furnishing proof thereof, and the insured being limited, by the terms of the policy, to one year after the loss in which to sue, the insured is required to furnish the proofs within ten months from the loss.

4. SAME—*policy construed most strongly against the company.* Insurance contracts being signed by the insurer only, and prepared by persons acting in the exclusive interest of the insurance company, the language used is that of the insurer, and hence the provisions of the policy are construed most favorably for the insured, in case of doubt or uncertainty in its terms.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS MORAN, Judge, presiding.

Mr. LAWRENCE PROUDFOOT, for the appellant:

It is well settled, under the law, that strict compliance with the provisions of the policy in regard to the serving of notice and proofs of loss is a condition precedent, and that no action can be maintained unless this condition has been performed. *Edgley* v. *Farmers' Fire Ins. Co.* 43 Iowa, 587; *Blossom* v. *Lycoming Fire Ins. Co.* 64 N. Y. 162; *Wood* v. *Worsley*, 6 Term R. 710; *Inman* v. *Western Fire Ins. Co.* 12 Wend. 452.

If the notice is required to be forthwith, or as soon as possible, or immediately, it will meet the requirements if given with due diligence, under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily the judges. May on Insur. 462; *Cornell* v. *LeRoy*, 9 Wend. 166; *Peoria Marine and Fire Ins. Co.* v. *Lewis et al.* 18 Ill. 560; *Inman* v. *Western Fire Ins. Co.* 12 Wend. 452; *Knickerbocker Ins. Co.* v. *Gould*, 80 Ill. 389.

The law is also well settled that though the company may know of the loss, it does not excuse the giving of notice, but the condition must be strictly complied with, unless waived. *Edwards* v. *Lycoming Fire Ins. Co.* 75 Pa. St. 378; *Patrick* v. *Farmers' Ins. Co.* 43 N. H. 621; *Beatty* v. *Lycoming Fire Ins. Co.* 66 Pa. 9.

That there was such unreasonable delay in furnishing proofs of the loss as to defeat a recovery, counsel cited *Kimball et al.* v. *Howard Ins. Co.* 8 Gray, 33; *Wheeler* v. *Field*, 6 Metc. 295; *Prescott Bank* v. *Caverly*, 7 Gray, 221; *Bell* v. *Lycoming Fire Ins. Co.* 26 N. Y. (19 Hun,) 239; *Blossom* v. *Lycoming Fire Ins. Co.* 64 N. Y. 162; *Miller* v. *Hamilton Ins. Co.* 17 id. 609; *Trask* v. *State Fire and Marine Ins. Co.* 29 Pa. St. 198.

When the time limited in the policy for making proofs of loss has elapsed, nothing short of an express agreement on the part of the insurer will revive the contract. *Smith* v. *Haverhill Fire Ins. Co.* 1 Allen, 297; *Beatty* v. *Lycoming Fire Ins. Co.* 66 Pa. St. 9; Wood on Insurance, sec. 414; *Underwood* v. *Farmers' Joint Stock Ins. Co.* 57 N. Y. 505; *Clark* v. *New England Fire Ins. Co.* 6 Cush. 342; *Underhill* v. *Aagawam Mutual Fire Ins. Co.* id. 440; *Brimstead* v. *Dividend Mutual Fire Ins. Co.* 12 N. Y. 81; *Post* v. *Ætna Ins. Co.* 43 Barb. 351; *Ames* v. *N. Y. Union Ins. Co.* 14 N. Y. 253; *Trustees First Baptist Church* v. *Brooklyn Fire Ins. Co.* 19 id. 305; *Knickerbocker Ins. Co.* v. *McGinnis*, 87 Ill. 70.

Mr. FRANCIS H. KALES, for the appellee:

1. The notice of the loss in this case was served in apt time. *Knickerbocker Ins. Co.* v. *McGinnis*, 87 Ill. 70; *Palmer* v. *Ins. Co.* 44 Wis. 201; *Simpson* v. *Henderson*, 22 Eng. C. L. 313.

The cases here cited are express authority for the position that the word "forthwith" is not to be taken literally, but is to be construed to mean within a reasonable time.

2.  The proofs of loss, in view of the provisions of the policy, were made in due time.  The words "as soon as possible," mean within a reasonable time, under all the circumstances.  *Knickerbocker Ins. Co.* v. *McGinnis*, 87 Ill. 70; *Eastern R. R.* v. *Relief and Ins. Co.* 105 Mass. 570.

3.  The peculiar insurance contract in this case, if strictly construed, gave to the plaintiff a reasonable time, before the expiration of ten months after the loss, within which to furnish what are called the proofs of loss, as is shown to have been the case here.

Such contracts are unipartite, or unilateral, being signed by the insurer only; and they are generally filled with conditions inserted by persons skilled in the learning of insurance law, and acting in the exclusive interest of the insurance company.  Hence the rule is, they are to be liberally construed for the insured, and strictly construed with respect to the insurance company.  *Ins. Co.* v. *Wilkinson*, 13 Wall. 233; *Aurora, etc. Ins. Co.* v. *Eddy*, 49 Ill. 106; Wood on Insurance, 140, 141; Bliss on Life Insurance, 656.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by J. Young Scammon, against the Niagara Fire Insurance Company, upon a policy of insurance issued by that company on January 21, 1874, for $5000, upon the premises known as No. 16 Congress street, city of Chicago, which were destroyed by fire July 14, 1874. The cause was submitted to the court for trial without a jury, and judgment rendered in favor of the plaintiff for $6700, which was affirmed on appeal to the Appellate Court for the First District, and the defendant appealed to this court.

The only point made in favor of a reversal of the judgment is, that notice of the loss and the proofs of loss were not served upon the company in compliance with the terms and conditions of the policy as to time.  The clause of the policy in that respect is as follows:   "In case of loss

the insured shall give immediate notice thereof, and shall render to the company a particular account, in writing, of said loss, under oath," etc.    The fire occurred July 14, 1874. Written notice of the loss, dated July 29, 1874, was served on James B. Floyd, who was the local agent of the company in Chicago, August 5, 1874, and proofs of loss signed by the plaintiff, under date of August 5, 1874, sworn to before a notary public under the same date, with the certificate of an architect under the date of August 25, 1874, were served upon David Beveridge, general agent for the company, in Chicago, on April 23, 1875.

In May on Insurance, sec. 462, it is said with reference to notice of loss: "If the notice be required to be forthwith, or as soon as possible, or immediately, it will meet the requirements if given with due diligence, under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily the judges."    This court has recognized such to be the rule.    *Peoria Marine and Fire Ins. Co.* v. *Lewis,* 18 Ill. 560; *Knickerbocker Ins. Co.* v. *Gould,* 80 id. 388.

In the latter case, where the provision of the policy was, "in case of loss the assured shall give immediate notice thereof in writing," the fire occurred October 9, 1871, and the proofs of loss were delivered to the company November 13 thereafter; it was held, that under the circumstances of that case,—the confusion and derangement of business following the great fire in Chicago of October 8 and 9, 1871,—the provision of the policy for giving immediate notice of the loss had been complied with.    So that the words "immediate notice," are not to be taken literally, but they mean that notice is to be given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay.

The testimony of the assured in the present case was, that this and other policies he held were, at the time of the loss, in

the custody of the United States Mortgage Company; that he had no description of them; that he called on Mr. Sansome, agent of that company, and asked him for them, and he gave them to him; that "just as soon as I could be about I gave notice to the insurance companies." It might be inferred from this that the assured had been prevented by sickness from giving earlier notice. We do not feel prepared to say that the court manifestly erred in finding that there had been a compliance with this requirement of the policy for giving immediate notice of the loss,—that there had been due diligence in giving the notice under the circumstances of the case.

As to the proofs of loss, the counsel for the respective parties differ in their construction of the policy as to the time when the proofs of loss are to be furnished,—appellee's counsel contending that by the terms of the policy they are not required to be made within any specified or described time, and appellant's counsel that the proofs should be furnished to the company with the immediate notice of loss,— that is, should be furnished immediately. In *Knickerbocker Ins. Co.* v. *Gould, supra,* the provision in the policy in regard to notice and proofs of loss was in the same words as in the policy in this case, viz: "In case of loss the assured shall give immediate notice thereof in writing, and shall render to the company a particular account of said loss in writing, under oath," etc. In that case this court was inclined to the view of appellant's counsel, that under such provision notice of loss and proofs of loss should be furnished to the company at the same time; but as helping to sustain that construction, resort was had to another provision of that policy which is not found in the present one.

Such insurance contracts being signed by the insurer only, and prepared by persons acting in the exclusive interest of the insurance company, the language is that of the insurer, and hence the rule is, that the provisions and conditions of the

policy are construed most favorably for the insured. May on Insurance, sec. 175; *Aurora Fire Ins. Co.* v. *Eddy,* 49 Ill. 106.

It is not said in this policy, as frequently is in such policies, that the proofs of loss shall be made "as soon after as possible," nor that they shall be made at the same time with the notice, but only "in case of loss the insured shall give immediate notice hereof, and shall render to the company a particular account in writing of said loss, under oath," etc.; and in the same paragraph the consequences of failing to comply with this stipulation as to proofs is expressly declared, to-wit: "Until such proofs and certificates are produced, and examination and appraisal permitted, the loss shall not be deemed proved or payable."

The time for the giving notice of the loss is named, that it shall be *immediate,* but the time for furnishing the proofs of loss is not named. To hold, then, under the form of language here used, that the proofs are to be furnished at the same time with the notice, (that is, *immediately,*) and with only the delay which that term admits of, would not be according to the way the language would ordinarily be taken, and the words here used, with such a construction put upon them, would be calculated to mislead, and operate as a snare to the insured. If insurance companies would have promptness in the making of proofs of loss, they should require it in plain words, so that the assured may clearly see that diligence is required of him; and it would seem unfair to allow such a requirement of diligence to be hidden under the general language that proofs of loss shall be rendered, without mentioning any time within which they shall be rendered. Where, as in the present case, there is nothing in any other part of the policy to favor such a construction, we can not hold that by the clause in question the proofs of loss were to be furnished at the same time with the giving of the notice,— that is, *immediately.* We think this a proper interpretation

to apply, under the authorities, in the case of the use by an insurance company of such uncertain language. Such was the construction put upon the condition of a policy similarly worded, in *Kilips* v. *Putnam Fire Ins. Co.* 28 Wis. 472.

We find, then, that there was here a time specified when the notice of loss was to be given,—that immediate notice was to be given,—but that there was no time specified within which proofs of loss were to be furnished, and there should be a difference of construction as to the time of acting in the two cases—more speedy in the former than in the latter case. The requirement of immediate notice would indicate that notice was to be speedily given. The mere general provision that proofs of loss were to be furnished, not naming any time, would not suggest that there need be the use of any especial diligence in making proofs of loss. But even when immediate notice is to be given, it will meet the requirement, as we have seen, if notice be given with due diligence under the circumstances of the case. More latitude of time should be indulged in the furnishing of proofs in this case. What, then, would be a reasonable time within which to furnish proofs of loss, under the circumstances of a case where no time is mentioned for furnishing them?

The loss is not, by the terms of the policy, to be payable until the expiration of sixty days from the time of furnishing the proofs of loss. The insured is to have one year from the time of the loss within which to bring his suit, to avail himself of which, and give the insurer sixty days before suit brought, the proofs under the policy would have to be furnished to the company within ten months from the time of the loss; so there is at least this limit of time, viewing other provisions of the policy, within which the proofs of loss must be furnished.

Now, the assured did furnish the proofs of loss within that limit of time, and within about nine months after the loss occurred.

The plaintiff testified, that during the period between August 5, 1874, and April 23, 1875, the United States Mortgage Company was prosecuting a proceeding in bankruptcy against him, and the question arose in his mind as to whether he could make the proofs while these bankruptcy proceedings were pending, and he names some other reasons which may tend to explain the delay in furnishing these proofs. Now, not intimating that such reasons would be sufficient to excuse the delay here, in case of a provision that the proofs of loss were to be furnished "forthwith," or "as soon as possible," yet they have some bearing upon the question of unreasonable delay, where there is the absence of a requirement of any diligence in making the proofs of loss.

In the case of *Scammon* v. *Germania Fire Ins. Co.*, where the provision in the policy was that the insured should forthwith give notice of the loss, "and as soon after as possible render a particular account of such loss," etc., and where there was the same delay as in the present case in furnishing proofs of loss, we have at the present term decided that the delay was fatal to a recovery. But the difference in the wording of these provisions of the respective policies warrants, we think, the contrary decisions which we make in the two cases as to the effect of the delay in making proofs of loss.

We are not satisfied that, under the provisions of the policy in this case, the circuit court erred in finding the plaintiff was not barred of a right of recovery because of the delay in furnishing to the company the proofs of the loss, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*