W. F. GRUBBS et al. v. THE VIRGINIA FIRE AND MARINE
INSURANCE COMPANY.

*Insurance — Agency.*

1. A statement in an application for insurance, that a clerk slept in the building insured, does not constitute a continuing warranty that the assured would require the clerk to continue to sleep in the building, and the fact that no person was sleeping therein when the fire occurred did not avoid the policy, especially in the absence of evidence that the risk was prejudiced thereby.

2. A policy of insurance contained a stipulation that any additional insurance should be made known to the insurer and its consent endorsed thereon, otherwise the policy should be forfeited. Additional insurance was obtained with the knowledge of the soliciting agent of defendant, who had procured the original policy, and who endorsed the consent of his principal thereon by pasting the printed form used for such purpose by the company and which was printed by it, and the agent testified that he understood he had such authority: *Held*, there was evidence sufficient to go to the jury on the issue as to the consent of the company to such additional insurance.

CIVIL ACTION, tried at Fall Term, 1890, of the Superior Court of NORTHAMPTON, *Whitaker, J.*, presiding.

The plaintiff sued to recover the amount alleged to be due upon a policy of insurance issued to him by defendant, covering a house and a stock of merchandise therein at Seaboard, N. C.

Among other defences, the defendant set up that the policy had been forfeited by the plaintiff: 1st, because he had procured additional insurance with other companies on the same property without giving notice to defendant, and having its consent endorsed on the policy, as was stipulated therein should be done; and, 2d, that the plaintiff had contracted, at the time the policy was issued, that a clerk should sleep in the house, which it was insisted was a material fact, in that it made the risk less hazardous.

It was in evidence that Mr. Hay, of Raleigh, was the general agent of the defendant, with authority to appoint sub-agents, write and issue policies and collect premiums; that he had appointed one Joyner as agent—"a soliciting agent"—at Seaboard, with power and instructions to fill up applications and forward them to the general agent, who, if approved, would issue policies and send them to the assured through the sub or soliciting agent. Joyner procured the insurance for the plaintiffs, forwarded their application and upon receipt of the policy delivered it to plaintiffs and subsequently gave permission to the plaintiffs to take out additional insurance in other companies, and endorsed the consent of the defendant on the policy by pasting thereon the printed form for that purpose which had been furnished him by the company. Joyner also testified that he understood he had the authority to endorse the consent.

There was a statement in the application that a clerk then slept in the house, but there was no agreement or warranty on the part of the plaintiffs that he should continue to sleep therein during the continuance of the policy.

There was judgment for plaintiffs, from which defendant appealed.

*Messrs. W. C. Bowen* (by brief) and *R. O. Burton,* for plaintiffs.

*Messrs. J. W. Hinsdale* and *W. H. Day,* for defendant.

CLARK, J.: The learned counsel for the defendant properly and frankly concede that the principal defences are, (1) other insurance taken out by plaintiffs without notice and without defendant's consent thereto endorsed on the policy; (2) breach of warranty that a clerk should sleep in the store.

As to the first defence, consent to the additional insurance was endorsed on the policy by the attachment of the usual printed form used by the company for that purpose

and signed by its agent, who had procured this insurance. The jury found, in response to the issue submitted to them, that such additional insurance was made known to the defendant, and that the endorsement of its consent was authorized. It is sufficient for us to say that there was evidence sufficient to go to the jury tending to prove such finding. Though it was agreed that additional insurance should be made known to the company, and its consent thereto endorsed on the policy, it is not stated in the policy who, or that any particular officer or agent, should be authorized to accept notice of additional insurance and endorse defendant's consent thereto upon the policy, or that such consent should be endorsed at the home office or other particular place.

As to the second ground of defence, there was a statement in the application that a clerk then slept in the store, but there was no agreement or warranty that a clerk should continue to sleep in the store during the continuance of the policy. There is evidence from defendant, that whether the Clerk slept in the store or not, it would not have affected the rate paid, and there is no evidence tending to show that the defendant was prejudiced by the failure of the clerk to sleep there. This was not a continuing warranty. *Aurora Ins. Co.* v. *Eddy,* 49 Ill., 106; *Schmidt* v. *Ins. Co.,* 41 Ill., 295; Wood on Ins., §§ 167, 168, 171, 176, and cases there cited. A case exactly "on all fours" is *Frisbie* v. *Ins. Co.,* 27 Pa. St., 325; in which these same words in the application, "clerk sleeps in store," were held to be merely a warranty *in presenti,* and not that a clerk should continue to sleep there.

These are the principal contentions. There were other exceptions sufficiently numerous and ingenious, but we fail to see upon considering them that the defendant has been deprived of any substantial right or benefit which he was entitled to upon the trial.

Affirmed.