## Thomas D. Forehand v. Niagara Insurance Co.

1. INSURANCE—*Pleading a Forfeiture.*—In an action upon a policy of insurance, the introduction of the policy with proof of loss makes out a *prima facie* case for the plaintiff.   The defendant in pleading a cause of forfeiture must allege every fact necessary to show a forfeiture.

2. SAME—*Defenses to Actions on Policies.*—In an action upon an insurance policy, a plea of a failure to comply with a provision of the policy expressly warranting that " the insured shall take an inventory of the stock covered by the policy at least once a year, and keep books of account correctly detailing purchases and sales of said stock and keep all inventories and books securely locked in a fire-proof safe, or other place secured from fire in said store during the hours the same is closed for business. Failure to observe the above conditions shall work a forfeiture of all claims under this policy," which failure was intentional and for the purpose of defrauding the defendants, and without its consent, is bad on demurrer, because it does not allege that one year had elapsed after the making of the policy and before the fire occurred.

3. SAME—*Defenses—False Swearing, etc.*—A plea which sets up, as a defense to an action on a policy of insurance, false swearing by the insured, concerning matters which are not material under the provisions of the policy, is bad on demurrer.

4. SAME—*Pleas Which Do Not Amount to a General Issue.*—In actions upon policies of insurance, pleas setting up forfeitures under the conditions of the policies are not liable to the objection that they amount to the general issue under the practice in this State.

5. SAME—*Agreement of the Insured to Keep Books.*—An agreement by the insured in a policy of insurance upon a stock of merchandise to keep books is in the nature of a promissory warranty. It is not a condition or proviso, but an express agreement on the part of the assured to be construed like other agreements. A failure to comply with it forfeits all rights under the policy, unless waived.

6. FORFEITURES—*In Insurance Matters—Not Favored in Law.*—Forfeitures are not favored in law and equivocal expressions in policies of insurance are interpreted most strongly against the company for the reason that it prepared the contract.

7. SAME—*Change of Title—Insurance Mortgage.*—A chattel mortgage upon insured property is not a sale, or change of title, within the meaning of a clause in a policy which prohibits a transfer or change of the title without the consent of the insurer.

8. POLICIES OF INSURANCE—*Constructions of Conditions.*—A condition in a policy of insurance upon merchandise requiring the insured to take an inventory of the stock at least once a year and keep books of account correctly detailing purchases and sales, is evidently not intended to require the insured to take an inventory immediately upon obtaining the insurance under penalty of forfeiture.

9. SAME—*Provisions of, to Keep Books and Make an Inventory.*— The purpose for which an inventory is required to be taken and books kept under the provisions of a policy of insurance upon merchandise is that in case of a fire such inventory and books would show the exact loss or nearly so, and such provision is to be considered in its entirety as relating to that one purpose, and if the inventory is not required to be made immediately upon the receipt of the policy the keeping of the books is not.

Forehand v. Niagara Ins. Co.

Assumpsit, on an insurance policy. In the Circuit Court of Massac County; the Hon. ALONZO K. VICKERS, Judge, presiding. Declaration upon a policy of insurance; the pleas are stated in the opinion of the court; judgment on demurrer to pleas; appeal by defendant. Heard in this court at the August term, 1894, and affirmed. Opinion filed March 23, 1895.

APPELLANT'S BRIEF, COURTNEY & HELM, ATTORNEYS.

A failure of the assured to keep books of account of the amount of his sales and purchases, when by the terms of the policy he agrees to do so, is fatal to his right of recovery. Niagara Fire Ins. Co. v. Brown, 123 Ill. 356; Crigler v. Ins. Co., 49 Mo. App. 12; Pelican Ins. Co. v. Williamson, 53 Ark. 353; Sun Ins. Co. v. Jones, 54 Ark. 376; 18 Ins. Law Journal, 813.

These cases are full to the point. In the case Niagara Ins. Co. v. Brown, 123 Ill. 356, it was held that a non-compliance by the assured with this requirement would avoid the policy unless waived. Here, there is no question of waiver. Waiver must be alleged in the declaration or presented by way of replication. Ins. Co. v. Vanluce, 126 Ind. 410; Brown v. Ins. Co., 86 Ala. 189.

APPELLEE'S BRIEF, SPANN & SHERIDAN, ATTORNEYS.

A party claiming a forfeiture must bring himself within the clause of the policy to defeat the right. Smith v. Mutual Fire Ins. Co., 50 Me. 96; Masters v. Madison Ins. Co., 11 Barb. 624; Rollins v. Columbia Ins. Co., 5 Fost. (N. H.) 204; Ayers v. Hartford Ins. Co., 17 Iowa 180; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Lazarus v. Commonwealth Ins. Co., 19 Pick. 81; Com. Ins. Co. v. Spankneble, 52 Ill. 53; Trumbull v. Portage Ma. Fire Ins. Co., 12 Ohio 365; Jackson v. Mass. Ins. Co., 23 Pick. 478.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit on an insurance policy to recover damages for a loss occasioned by fire. The appellant interposed by pleas the defense, first, a failure to comply with the following provision of the policy: "It is

expressly warranted that the insured shall take an inventory of the stock hereby covered at least once a year, and shall keep books of account, correctly detailing purchases and sales of said stock, and shall keep all inventories and books securely locked in a fire proof safe or other place secured from fire in said store during the hours said store is closed for business. Failure to observe the above conditions shall work a forfeiture of all claims under this policy;" which failure, it is alleged, was intentional, for the purpose of defrauding the defendants, and without its consent; second, that plaintiff, in making his proof of loss, knowingly, willfully and corruptly swore falsely, in stating there was no incumbrance on said property; third, that after said fire the plaintiff refused, on request, to produce his books for inspection, as required by the provisions of said policy. A demurrer was interposed to these pleas, making the point on first plea that it does not allege one year had elapsed after the making of said policy before the fire occurred; on the second plea, that the matter therein set up, about which there was alleged false swearing, was not material under the provisions of the policy; that no forfeitures were declared by the defendant on account of the matters set up in said pleas, and that they amount to the general issue. The demurrer was sustained, on which ruling the defendant assigns error. The pleas did not amount to the general issue under the practice in this State. The introduction of the policy, with proof of loss, makes a *prima facie* case for the plaintiff. Ill. Fire Ins. Co. v. Stanton, 57 Ill. 354, 357; Continental Life Ins. Co. v. Rogers, 119 Ill. 485.

The defendant may, by pleas, set up its cause of forfeiture. Herron v. P. M. & F. Ins. Co., 28 Ill. 235. In doing so, however, it must plead every fact necessary to show a forfeiture. Ill. Fire Ins. Co. v. Stanton, 57 Ill. 354. The chattel mortgage on the goods did not operate to change the title within the terms of the policy. Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213. The second plea, above referred to, does not so allege. The false swearing, in order to work a forfeiture, must be material. Vol. 2, Am. & Eng. En. of Law, p. 301. The demurrer to this plea was properly sustained. There

is no use in considering the third plea above referred to, that plaintiff refused to produce his books. The evidence shows he kept no books and that question is raised by the first plea, which presents the principal question material to this case. The first plea is good in form. No objection is made on that ground. The only question is, does it set up a defense? The same question is raised by the evidence, for, as stated, the proof shows no books were kept by the appellee. The agreement to keep books is in the nature of a promissory warranty. Aurora Fire Ins. Co. v. Eddy, 49 Ill. 106, 108. It is not a condition or proviso, but an express agreement on the part of the assured, to be construed like other agreements, Ibid. A failure to comply with such an agreement would operate to forfeit all rights under the policy unless waived. Niagara Fire Ins. Co. v. Brown, 123 Ill. 356; Crigler v. Ins. Co., 49 Mo. App. 12; Pelican Ins. Co. v. Williamson, 53 Ark. 353. The rule of law is that forfeitures are not favored. The right to a forfeiture is *stricti juris* (Eddy case, *supra*), and equivocal expressions in a policy are interpreted most strongly against the company, for the reason it prepares the contract. Com. Ins. Co. v. Robinson, 64 Ill. 268; Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644.

The provisions of the policy set up in this plea required appellee to "take an inventory of the stock * * * at least once a year, and keep books of account, correctly detailing purchases and sales of said stock." The policy was issued on the 4th day of February, 1887, and expired in one year. The fire occurred on the 13th day of April, 1887, or thirty-seven days after the policy went into effect. It evidently was not intended by the provision referred to, to require appellee to take an inventory immediately upon obtaining the insurance, under penalty of forfeiture. To so hold would be doing violence to the language used. It is well known that such is not the "course of business."

When such inventory, however, is once taken, and also a book account kept of the purchases and sales thereafter made, as contemplated by this provision, then in case of loss by fire such inventory and books would show the exact loss, or nearly so. This was the one and only purpose of the

provision in the policy. This provision, therefore, must be construed and considered in its entirety as relating to that one purpose. The means to effectuate that end were the requirements that appellee should take an inventory and keep books of account of purchases and sales. These requirements were not independent of each other, but interdependent. Therefore, if the former was not required to be done by the appellee immediately upon the receipt of the policy, the latter was not. The inventory was required to be taken once a year, which gave appellee the whole year within which to do it. Until done, the other dependent requirement did not become operative. The judgment is affirmed.