### National Accident Society v. Andrew E. Ralstin.

1. INSURANCE—*Construction of Policies.*—Policies of insurance are to be construed most strongly against the insurer.

2. SAME—*Meaning of the Phrase " An Eye Witness."*—An eye witness to a shooting does not mean one who saw the load leave the discharged gun. Nor does its meaning exclude any one whom the statute permits to testify to a matter in issue.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Fulton County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901. Rehearing denied May 27, 1902.

McBURNEY & McBURNEY and LUCIEN GRAY, attorneys for appellant.

P. W. GALLAGHER, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $800 rendered in favor of appellee in a suit brought by him against appellant on an accident insurance policy to recover for the loss of a hand.

The policy under which appellee was insured provided that for an injury necessitating the amputation of his right hand appellant should pay appellee $800, with the limitation that if the injury should be caused by " shooting when

the facts and circumstances of the accident and injury are not established by the testimony of an actual eye witness," then appellant should be liable to pay only one-twentieth of that sum.

Appellee was the only witness who testified to the immediate facts and circumstances attending his accident. He was the only person immediately present. From his testimony it appears that he took a gun for the purpose of shooting a cat that had been killing his chickens, and that while placing his gun through a wire fence the same was accidently discharged, shooting him in the wrist and necessitating the amputation of his right hand within a few hours thereafter.

The contention of appellant is that appellee is not an actual eye witness to establish the facts and circumstances of his accident within the meaning of the policy, and that as no other witness testifies to the manner of the shooting appellant is only liable for $40—one-twentieth of the sum otherwise payable.

Appellee was by law a competent witness. As such he detailed the facts and circumstances of his accident as it occurred. He was an actual eye witness whose testimony showed that the shooting was wholly unintentional. He was corroborated as to the shooting being accidental by his daughter, who swore that she saw her father get his gun and go with it from the house into the yard to shoot the cat, and that she within a short time heard the report of the gun and immediately saw her father's hand lacerated and bleeding.

Policies of insurance should be construed most strongly against the insurer. (May on Insurance, Sec. 175; Aurora Fire Insurance Co. v. Eddy, 49 Ill. 106; Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644.) An eye witness to a shooting does not mean one who saw the load leave the discharged gun. Nor does its meaning exclude any one whom the statute says may testify to a matter in issue.

If appellant desired to exclude appellee from establishing the fact of injury from shooting by his own testimony,

it should have inserted in the policy after the words " when the facts and circumstances of the accident and injury are not established by the testimony of an actual eye witness " the words " other than the insured."

The court below properly construed the contract that the facts and circumstances attending the shooting were established by an eye witness competent to testify, and the judgment should be affirmed.