Ella Anson, Defendant in Error, v. New York Life Insurance Company, Plaintiff in Error.

## Gen. No. 15,658.

1. INSURANCE—*how policy to be construed.* If a policy is not ambiguous it is to be construed most favorably to the beneficiary.

2. INSURANCE—*provision as to deduction of indebtedness construed.* *Held*, that a provision in a life insurance policy having loan values authorizing the company to deduct "any indebtedness to the company"

was not applicable to an indebtedness which arose with respect to matters outside of the policy.

3. ACCORD AND SATISFACTION—*what constitutes.* When a party entertaining an honest belief that he is indebted in a smaller sum than is claimed by his creditors, offers to pay such smaller sum on condition that it must be taken if at all in full satisfaction of the claim in dispute, and the creditor receives and receipts for the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction.

4. ACCORD AND SATISFACTION—*when not established.* *Held,* under the evidence in this case, that an accord and satisfaction was not established.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911.

O'BRYAN & MARSHALL, for plaintiff in error.

ANDERSON & ANDERSON, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago sued out to reverse a judgment of that court, in a case of the fourth class, in favor of the plaintiff, Ella Anson, against the defendant, the New York Life Insurance Company, for $225 and costs. The New York Life Insurance Company, the defendant below, is the plaintiff in error here.

The judgment is for an amount which was alleged to be due on a policy of life insurance issued by the defendant Company on the life of Charles W. Anson and made payable to his wife, the plaintiff, Anna E. Anson, as beneficiary. The policy was an ordinary life policy for $1,000, and was taken out by Charles W. Anson, who was at that time an agent of the Company, August 11, 1904. No question was made as to the due payment of premiums, nor as to the death of the insured in the year 1907, and the presentation of proper proofs of the same to the Company thereafter.

The defense made was that of payment on November 22, 1907, to the plaintiff (the beneficiary under the policy) of

everything due to her under the policy, and the supplementary proposition that if the entire amount was not then paid, there was an accord and satisfaction between the plaintiff and defendant on that date, which formed a bar to the recovery by the plaintiff of any additional sum to that then received by her.

It is admitted that on that date the plaintiff received from the New York Life Insurance Company on the policy in question a check for $774.99, which she duly endorsed and collected on December 4th, 1907. On receiving the check she surrendered the policy to the Company's agent in Chicago, who was the cashier of the Company's Chicago office, and who delivered her the check. Contemporaneously she signed and delivered to the said cashier, Ernest M. Bodson, who was a witness in the suit in the Municipal Court, a receipt reading as follows:

"New York, 11/22 1907.

Received from the NEW YORK LIFE INSURANCE COMPANY $1000 One Thousand Dollars as shown by statement below in full payment and satisfaction of all claims and demands under Policy No. 3,631,343 on the life of Chas. W. Anson, deceased, which is hereby surrendered to the Company.

Statement.

| Amount of Insurance, $1000. | *Anna E, Anson.* | |
|---|---|---|
| Pr. Chicago Agy. | Net Payment .... | $774.99 |
| Balance ......... 225.01 | | |
| | Total ......... | $774.99 |
| Total ......... $774.99 | | |

The plaintiff, however, claims that $774.99 did not measure the amount due her; that as beneficiary under the policy she was entitled to the full $1000 for which she receipted, and that her receipt and surrender of the policy and reception and collection of the check for $774.99 did not, as claimed by the defendant Company, constitute an accord and satisfaction.

The Municipal Court (which tried the cause without a jury) also took this view of the questions involved, as is shown by its judgment and by its refusal to hold certain propositions of law tendered by the defendant. Hence this writ of error.

The first question involved—whether or not the defendant was before the "Settlement" of November 22, 1907, liable to the plaintiff for the full amount of $1,000, gives us little trouble. The contention of the Company to the contrary is founded on this clause, among the general provisions of the policy: ".(6) *Any indebtedness to the Company will be deducted in any settlement of this Policy or of any benefit thereunder."*

The Company maintains that there is no ambiguity in this language, but that it is a clear, definite and positive provision, and gives to the Company the right to deduct from the amount which otherwise would be due on the policy in the *beneficiary* thereunder, the amount of *any* indebtedness of the *insured* to the Company at the time of his death. It is admitted that in this case, through the transactions between the Company and the insured, while he was agent for it, there had accrued from him to the Company an indebtedness of $225.01, which existed at his death. Therefore this amount was deducted from the $1,000 indemnity provided by the policy for the beneficiary.

We find ourselves unable to agree with the counsel for plaintiff in error that the language in question is unambiguous.

The object of the insurance was indemnity for and provision for the beneficiary named. There were elaborate provisions in the policy preceding the ".General Provisions," of which the clause involved is one, which provide for "Cash Loans" to the insured on the pledge and security of the policy, and it is suggested by counsel for defendant in error that the term "any indebtedness" may well refer only to the loans obtained under said provision and pledge of the policy, or indeed may well be read to refer only to any indebtedness to the Company of that person to whom the amount of the policy becomes payable when due. In this case, this was the bene-

ficiary, the plaintiff, Anna E. (or, as she is named in this suit and writ of error, Ella) Anson.

These suggestions do not seem to us without force, although we are mindful of the bearing on the possible meaning of the words "any indebtedness in the Company," of the fact that although the policy was made payable to the beneficiary "Anna E., wife," in case of death, the insured, Charles W. Anson, had the right to change the beneficiary at any time, and at the end of twenty years had the right at his option to receive in cash the cash value of the policy and accumulated profits.

We do not, however, consider the question for us. to be whether it is more or less probable that the intended meaning of the words involved the deduction of any indebtedness due from the estate of the insured to the Company, although on his death the policy became due, not to his estate, but to the plaintiff. It is merely whether the language is or is not unambiguous. If it is not unambiguous, the Municipal Court was right in giving to it the construction most favorable to the beneficiary. Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644.

We hold the meaning not clear or unambiguous, and confirm the holding of the trial judge in relation thereto. We decide, therefore, that before the payment of November 22, 1907, the defendant Company was indebted to the plaintiff in the sum of $1,000.

The question whether by that payment its liability was terminated by an "accord and satisfaction" seems to us more serious. It is undoubtedly the law of Illinois, which, as we said in Northwestern Traveling Men's Ass'n v. Crawford, 126 Ill. App. 468, goes farther in this direction than that of many other jurisdictions; that when a party entertaining an honest belief that he is indebted in a smaller sum than is claimed by his creditors, offers to pay such smaller sum *on condition* that it must be taken if at all in full satisfaction of the claim in dispute, and the creditor receives and receipts for the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction.

But as is said in the comparatively late case cited by the plaintiff in error, Canton Coal Co. v. Parlin, 215 Ill. 244: "To constitute an accord and satisfaction it is necessary that the money or check or whatever is offered should be offered in full satisfaction of the demand *and should be offered in such a manner or accompanied by such acts or declarations as amount to a condition that if the party to whom it is offered takes it he does so in satisfaction of his demand.*"

The question which we find difficult of decision in the case at bar, is whether the testimony of the Chicago cashier of the Company, together with the fact of the signature by the plaintiff of the receipt of $1,000, and her surrender of the policy show "such acts or declarations as amount to a condition," that if the plaintiff took the check it must be in satisfaction of her demand on the policy.

The testimony is very meagre. We do not doubt that the Company in good faith claimed the right to the set off, but although the cashier, Bodson, swore on cross-examination that his authority and instructions from the Company would not have allowed him to settle the claim any other way, we do not find that there was any condition expressly made that the payment was to be in full and could not be received except on that condition, or even that the signature to the receipt in full actually given was a necessary condition of the plaintiff's getting the check offered. The receipt was for $1,000, and not under seal, and may be explained. There appears to have been no dispute or discussion between the parties when the payment was made. Unwilling to extend the doctrine of "accord and satisfaction" as applied to the payment of a less sum than is really due, farther than we are obliged to do by the adjudications of the Supreme Court, we are not, after full consideration, prepared to say that the mere giving of this receipt, with its item of "Cr. Chicago Agy. $225.01," was an admission that the "Net payment of $774.99" was in full of the $1,000 claim, and coupled with the acceptance of a condition that the check should not be used unless so received and considered. With some hesi-

tation, therefore, we have determined to affirm the judgment of the Municipal Court, and it is so ordered.

*Affirmed.*