## Lloyd et al. v. Kelly.

1. *Testimony in Anticipation of a Defense.*—It is not reversible error to permit a plaintiff to testify to matters in anticipation of a defense, especially so, where, after the defense is developed, the evidence becomes proper.

2. *Intoxicating Liquors—Notice.*—A person bringing an action for the recovery of damages under the statute relating to the sale of intoxicating liquors, is not bound to require the marshal to notify saloon-keepers not to sell liquors, etc., as a condition of recovery. The mere fact that by the ordinances the marshal was required to post the names of those persons whose wives would so notify him, imposes no legal duty in this respect, upon a plaintiff.

Lloyd v. Kelly.

3. *Assignment of Error.*—An appellant can not assign for error, a matter affecting another, who was co-defendant in the court below, and as to whom the suit was dismissed and who did not appeal.

4. *Special Interrogatory—Refusal to Submit.*—It is not error to refuse to submit a special interrogatory which does not call for an ultimate fact, upon which the rights of the parties are dependent, such as call for probative facts, which may more or less tend to settle the ultimate facts, that is, for statements of the evidence; interrogatories of this character are not such as the statute contemplates.

5. *Answer to Special Interrogatories.—Waiver.*—When a more definite answer than the one given by the jury to a special interrogatory is desired, a motion to send the jury back to their room for that purpose is proper. The matter is waived by taking no objection to the answer.

6. *Instructions—Intoxicating Liquors.*—An instruction announcing in substance that if the defendants sold liquor to the husband, which caused his intoxication in whole or in part, and that thereby the plaintiff was injured in her means of support, she had a cause of action, is proper.

7. *Ibidem.*—An instruction to the effect that if the husband had become a drunkard, and from that cause ceased to support his wife, she could not complain if she kept him in the same condition and prevented him from resuming his normal condition and thereby prolonged the loss entailed upon her by bad habits, which their acts assisted to maintain and strengthen, is properly refused, for the reason that the defendant would, in a legal aspect, be just as responsible for continuing the loss as for causing it in the first place, though the damages might not be the same in both cases.

8. *Intoxicating Liquors—Injuries Caused by the Sale of.*—A wife is entitled to support from her husband, and may complain whenever his capacity or inclination to support her is substantially impaired or diminished. Although a husband may have previously contracted the habit which so deprived her of her legal due, yet if the supply of liquor were discontinued, he would presumably be restored to his normal condition and capacity, at least to some appreciable extent, and whatever prevented such restoration, would amount to a loss of support.

**Memorandum.**—Action for damages resulting from the sale of intoxicating liquors. Appeal from a judgment in favor of the plaintiff for $500, rendered by the Circuit Court of Montgomery County; the Hon. James A. Creighton, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

### Appellee's Statement of the Case.

Appellee brings her action under the Dramshop Act, to recover for injuries to her person, property and means of support, by reason of the sale of intoxicating liquors to her husband.

Appellee was married to Kelly about twenty years ago, and they have five living minor children. He ran a second-hand store. It was a profitable business, and he supported his family until the last three years, when he began to drink and neglect his business. He was a regular customer at appellants' saloons, and was drunk quite frequently. While intoxicated he would come home and abuse his wife and children, and destroy the furniture. In August, 1890, appellee was the owner of $100 worth of goods in the store and $30 worth in the dwelling-house, and this property was sold by Kelly, a piece at a time, and the money spent in appellants' saloons. Appellants let Kelly have whisky at all times.

### APPELLANTS' BRIEF.

A wife can not be an active and willing agent with the saloon-keepers, assisting in making her husband a common drunkard, and then expect the defendants to pay her for any loss she has sustained. The appellants had a right to know of the jury, by special interrogatories, to what extent she contributed to her own misfortune. Hays v. Waite, 36 Ill. App. 397; Reget v. Bell, 77 Ill. 593; Rosecranz v. Schumaker, 26 N. W. Rep. 784 (Michigan); Engleken v. Hilger, 43 Iowa, 563; Reget v. Bell, 77 Ill. 593.

This was not a case which justified the jury in awarding exemplary damages. Such damages are only properly given in cases where aggravating circumstances are shown, and are not awarded as punishment, or as compensation, over and above actual damages sustained, but operate as an example or warning to deter the party or others from similar transactions. Kadgin v. Miller, 13 Brad. 474; Meidil v. Anthis, 76 Ill. 241; Kellerman v. Arnold, 71 Ill. 634; Holmes v. Nooe, 15 Brad. 164; Murphy v. Carran, 24 Ill. App. 475.

AMOS MILLER and LANE & COOPER, for appellants.

### APPELLEE'S BRIEF.

The presiding judge has the right in all cases to control the form of the special verdict, * * * and the tendency

of some of the profession  *  *  *  to abuse it (statute relating to special findings) by demanding that the jury shall answer an infinite number of questions, the object of which is to confuse, embarrass and confound the jury, instead of eliciting facts upon which the rights of the parties depend, needs the restraining hand of the judges  *  *  * and this court will sustain such judges in every proper effort to make a special verdict a concise statement of the real facts at issue in the case. Ward v. Busack, 46 Wis. 407; T., St. L. & K. C. Ry. v. Kid, 29 Ill. App. 353; C. & N. W. Ry. Co. v. Dunleavy, 27 Ill. App. 440; C. & N. W. Ry. Co. v. Bouck, 33 Ill. App. 127; 2 Thompson on Trials, Sec. 2681; Fortune v. Jones, 30 Ill. App. 120.

CREIGHTON GARDNER and G. L. ZINK, attorneys for appellee.

OPINION BY THE COURT.

Appellee recovered a judgment against appellants in the sum of five hundred dollars for damages sustained to her means of support by reason of the intoxication of her husband, caused in whole or in part by liquors sold to him by the appellants, as was alleged.

It is assigned as error that the court refused the challenge of appellants to jurors Downs and Davis. Appellants' abstract fails to set out the answers of these jurors, but in the abstract furnished by the appellee, the answers are given, and they disclose no ground for peremptory challenge.

It is urged that the court erred in allowing appellee to testify what was her habit in respect to drinking.

This statement of hers was unnecessary, at the time it was made, but it was probably in anticipation of a branch of the defense that the habits of her husband were induced by her own in that respect. It was certainly proper for her to state the fact after this defense was developed, and that the statement was made in advance, did no harm.

Equally untenable is the objection that the court per-

mitted her to testify that her husband wished to bring
liquor to the house, and drink it there, and that she objected,
for it tended to show that she was not disposed to encour-
age him in the use of liquor, and thus meet a point in the
defense which has been persistently insisted upon all through
the case.

It is urged the court erred in refusing to permit proof
that appellee had not required the town marshal to notify
the saloon men not to sell to her husband.

She was not bound to give such notice as a condition of
recovery, and since there was no proof of such notice it was
presumable no notice was given.

The more fact that by the ordinances, the marshal was
required to post the names of those persons whose wives
would so notify him, did not impose any legal duty in this
respect upon the appellee, and if any inference of want of
good faith could be drawn from an omission to give such
notice it could as well be drawn from the omission on her
part to prove that she did give it. We regard it as unim-
portant.

It is also urged the court refused to allow the witness
Morrison to state what the husband told him when he
handed him an order, given by appellee, allowing the said
Morrison to furnish liquor to her husband.

. The defendant Morrison was dismissed from the case,
and, of course, has not appealed. He only could have com-
plained of the ruling on this point, not the remaining de-
fendants, to whom the order was not applicable, but we
think there was no error in this respect.

The husband's declaration was not binding upon her under
the circumstances, and was properly excluded.

It is urged further that the court refused to submit cer-
tain special interrogatories to the jury, and modified
another.

The refused interrogatories called for answers which
would not have been decisive of any question of fact, but
at most would have been evidentiary only in their effect.

The interrogatories did not call for ultimate facts upon

which the rights of the parties were dependent, but rather for probative facts which might more or less tend to settle the ultimate facts. In short, they called for statements of the evidence. They were not such interrogatories as the statute contemplates, and were properly refused. Chicago & N. W. R. R. Co. v. Dunleavy, 129 Ill. 132; T. H. & I. R. R. Co. v. Voelker, Ib. 540.

The modification of the fifth was proper, for thereby the jury were required to answer whether the supposed permission to sell was a voluntary act on the part of the plaintiff. The objection that the court did not require the jury to state under which count of the declaration they found for plaintiff, if at all, is fully met by the fact that by the first interrogatory the jury was required to answer whether the plaintiff was injured in her person, and by the second, whether she was injured in her property, or means of support, or either.

The second was answered affirmatively, though without specifying whether the injury was to the property or means of support, or both, but no objection was taken to the answer thus made. Had a more definite answer been deemed important, it might have been obtained by sending the jury back to their room for that purpose. This objection must be overruled.

It is assigned as error that the court improperly instructed the jury for the plaintiff. The first instruction so given announced in substance that if the defendants sold liquor to the husband, which caused his intoxication, in whole or in part, and that thereby the plaintiff was injured in her means of support, she had a cause of action, and it was properly given.

The second was as to the effect of certain alleged acts of the plaintiff in going with her husband to places where liquors were dispensed, and drinking in his presence, advising the jury that such acts, if proved, would not bar the action, and were to be considered only in mitigation of damages, which, as we understand, is the rule of law as laid down in Hackett v. Smelsley, 77 Ill. 119.

The third properly advised the jury that no order, per-

mit or consent given by the plaintiff, that liquor might be
sold her husband, would bar the action as to such sales, un-
less voluntarily given.

There was evidence tending to show that the order given
to defendant Morrison, who was dismissed from the case on
the trial, and the alleged acts of plaintiff in giving encour-
agement to her husband's disposition to drink, were involun-
tary, and were induced by the coercive conduct of the hus-
band under circumstances that rendered her incapable of
successful resistance.    This instruction was properly given.

The court refused certain instructions asked by defendants
and error is assigned in regard thereto.

The first of these was to the effect that if the plaintiff
encouraged and permitted her husband to drink liquors at
her home, and at saloons and other places, whereby he be-
came intoxicated, and the damages complained of were the
result of such intoxication, the jury should find for defend-
ants.    The second was intended to cover the same proposi-
tion in different terms, and the third, in still different phrase,
was intended for the same purpose.    Without attempting to
determine whether the acts herein referred to could be prop-
erly regarded in bar, or only in mitigation under the rule as
laid down in Hackett v. Smelsley, *supra*, and without dis-
cussing the evidence to ascertain how much there was in it
to predicate these instructions upon, we feel clear that all
there is in them which the defendants could properly insist
upon, is contained in the third and fifth, which were given and
which were sufficiently favorable and liberal.    No error
prejudicial to appellants can therefore be found in this action
of the court.

The fourth refused seems to have but little support in the
evidence.    The point thereof was, by way of argument rather
than of direct statement, that if the husband had ceased to
support the wife, she lost nothing by the defendants' act in
selling him the liquor which continued him in his evil course.

In other words, if he had become a drunkard and from
that cause ceased to support her, she could not complain if
the defendants kept him in the same condition, and prevented
him from resuming his normal condition, and thereby pro-

longed the loss entailed upon her by bad habits which their act assisted to maintain and strengthen. We are constrained to disagree with this position, and to hold that the defendants would, in a legal aspect, be just as responsible for continuing the loss as for causing it in the first place, though the damages might not be the same in both cases.

The wife is entitled to support from her husband, and may complain whenever his capacity or inclination to support her is substantially impaired or diminished. Although he may have previously contracted the habit which so deprived her of her legal due, yet if the supply of liquor were discontinued he would presumably be restored to his normal condition and capacity, at least to some appreciable extent, and whatever prevented such restoration would amount to a loss of support. The view suggested by the instruction is narrow and unreasonable, as we think, and was properly disregarded by the trial court.

The sixth refused referred only to the alleged order given to the defendant Morrison, and the matter therein set up could not be availed of by the other defendants. As the case was dismissed as to Morrison, the court very properly refused the instruction. It had no place in the case and could have served only to mislead the jury.

The fifth instruction was properly modified by the substitution of the word voluntarily, as qualifying the supposed authority to sell.

On the merits of the case there seems to be no good reason for interfering with the judgment.

Applying the strict rule of liability imposed by our statute to the testimony, it is quite apparent the jury had ample warrant for the conclusion reached. The amount allowed is clearly within the proof, and there is no occasion to suppose the jury were actuated by passion or prejudice.

The plaintiff suffered grievously by reason of her husband's inebriation. If the defendants contributed thereto they can not complain, under the law as it is written in the Dramshop Act, that the damages assessed are too high. The judgment must be affirmed.