## Chicago & Iowa Railroad Company

### *v.*

## William Duggan.

Practice—*of giving evidence in chief after the opposite party has closed.* Where the court below so far disregarded the rule that the party holding the affirmative of an issue must be confined, after the opposite party has closed his evidence in defense, to merely rebutting testimony, as to permit the former, under such circumstances, to introduce new witnesses, but it appeared that no injury could have resulted to the latter thereby, he not being surprised by testimony as to new facts, the additional evidence being but cumulative, this court refused to interfere with the discretion of the inferior court in that regard.

Appeal from the Circuit Court of Kendall county; the Hon. Edwin S. Leland, Judge, presiding.

This was an appeal from the report and award of commissioners, appointed by the circuit court of Kane county to fix the compensation to William Duggan for land taken for the right of way through his farm, of the Chicago & Iowa Railroad Company, and to assess the damages resulting to him by the construction and operation of the road.

Duggan took the appeal from the decision of the commissioners, and the cause was taken by change of venue to the circuit court of Kendall county.  Upon a trial by jury, the compensation due Duggan was fixed at $107.80, and his damages assessed at $150, and a judgment was rendered accordingly.  From this judgment the railroad company appeals.

Mr. Charles Wheaton, for the appellant.

Mr. C. J. Metzner, for the appellee.

Per Curiam : Although the rule is, that the plaintiff must be confined, after the defendant has closed, to merely rebutting testimony, we can not interfere with the discretion of the court below in this matter, unless we can plainly see that injustice

has been done. In this case, it is not probable any injury accrued to the plaintiff because the rule was so far disregarded as to permit new witnesses to be sworn as to the extent of the damages. The defendant was not surprised by testimony as to new facts, the only objection being that the evidence was cumulative.

The instructions were correct, and the verdict is not unsustained by the evidence.

*Judgment affirmed.*