## The Concordia Fire Insurance Company v. Thomas C. Bowen.

### Gen. No. 11,962.

1. CERTIFICATE OF EVIDENCE—*when will be deemed to contain all the evidence.* Notwithstanding a certificate of evidence does not specifically certify that it contains all the evidence heard in the cause, yet if such fact clearly appears in some other way, it will be deemed to contain all the evidence heard in the cause.

2. REBUTTAL—*when admission of improper, not ground for reversal.* The admission of evidence in rebuttal which should have been offered in chief is not ground for reversal unless it clearly appears that injustice has resulted from the action of the court in permitting such evidence at such time.

3. INSURANCE POLICY—*when non-payment of premium does not affect enforcibility of.* Where an insurance policy has been delivered and the right of cancellation has not been exercised by the company, the fact that the premium has not been paid will not affect its validity and enforcibility.

4. INSURANCE POLICY—*failure of the insured to obtain arbitration not condition precedent to recovery.* Failure of the plaintiff to obtain or to attempt to obtain an appraisal and award by arbitration because of the disagreement between himself and the company as to the amount of the loss, held, under the particular terms of the policy in suit, not a condition precedent to recovery upon the policy, but to constitute matter of defense to be specially pleaded in bar of the action.

5. INSURANCE POLICIES—*how construed.* When it is once established that the meaning of any provision in an insurance policy is ambiguous or capable of two constructions, then all doubt as to its proper construction vanishes and it must receive that interpretation most favorable to the insured.

6. "REQUIRE"—*defined.* "Require" construed as synonymous with "demand" and "exact."

7. GENERAL ISSUE—*effect of pleading.* By pleading the general issue, all dilatory defenses, all matters merely in suspension or abatement of the action, are waived. Therefore, even if submission to arbitration be considered a condition precedent, failure to allege performance of the condition can only be taken advantage of by demurrer or special plea.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard

in this court at the October term, 1904.    Affirmed.    Opinion filed
May 29, 1905.

**Statement by the Court.** The appellee sued appel-
lant in the County Court of Cook county for a loss on an
insurance policy. The declaration contained a special count
on the policy, reciting it in *haec verba,* and the common
money counts. The defendant pleaded the general issue
only.

The cause was submitted to a jury in due course, and the
jury found a verdict for the plaintiff for $860, being the
full amount of the policy and interest thereon at five per
cent. for one year and six months. The proofs of loss were
made and delivered to the company one year, eight months
and ten days before the trial.

A written motion for a new trial was made by the de-
fendant, alleging that the court admitted improper evidence
on the part of the plaintiff at the trial, "in that the plaintiff
and other witnesses were allowed to testify from memoran-
dums which were not competent, said witnesses having no
independent recollection of the facts stated by them;" also
alleging that the plaintiff's right to recover in the case, if
any he had, was "for the amount determined by appraise-
ment and award according to the terms of the policy, where-
fore the evidence of the plaintiff tending to show the value
of the goods claimed to have been damaged or destroyed
was incompetent," and that the court should have instructed
the jury to find for the defendant at the close of the plain-
tiff's evidence, and should have done so when the motion to
that effect was renewed at the close of all the evidence. Fur-
ther the motion for a new trial declared that the verdict of
the jury was against the weight of the evidence and was
excessive. The motion for a new trial was overruled, and
the defendant then moved in arrest of judgment on the
ground that the plaintiff's declaration was insufficient "to
sustain a verdict and judgment, in that same did not set
forth an award or appraisement or any waiver of said award,
as required by the said policy of insurance." The court

overruled this motion for arrest of judgment and gave judgment on the verdict for $860, from which judgment the defendant appealed to this court, where its assignments of error raise the questions suggested in the trial court by its motion for a new trial and its motion in arrest of judgment.

The policy of insurance which was sued on was for $800. It covered a certain stock of caskets and other goods usual in an undertaker's establishment, on which the insurance was $425, and also the store and office furniture and fixtures, on which $375 was placed—all being at 3913 Cottage Grove avenue in Chicago.

The policy contained various provisions concerning the steps to be taken after a loss to ascertain and determine the amount which the company should pay. These provisions will be mentioned in the opinion following.

The special count of the declaration contains the following averments:

"And the plaintiff avers that afterwards, and before the expiration of the said time limited in said policy, to-wit: on the 7th day of April, A. D. 1902, the said property was accidentally and by misfortune totally consumed by fire, of which loss the said plaintiff forthwith gave notice to the defendant, in writing, and as soon as possible thereafter, to-wit: on the same day, delivered to the defendant a particular account thereof, under his hand, stating what other insurance had been made on the same property, and stating. the whole value of the property insured and the manner in which the building in which the loss occurred was occupied at the time of the loss and how the fire originated, and the plaintiff did duly perform all the acts and things required of him by said policy; yet the defendant, although often requested, and though more than sixty days have elapsed since the delivery of said proofs of loss, has not paid the said money or any part thereof to the plaintiff."

At the trial evidence tending to show a disagreement after the fire between the insured and the insurer as to the amount of loss was offered by the plaintiff, and the defendant produced the testimony of its insurance adjuster that the plain-

tiff before the suit was brought asked him if the company was ready to pay him the loss. The witness said, "I told him no. He wanted to know why. I told him we could not possibly agree to his statements. He says, 'What do you propose to do?' I said, 'It is not a matter for us to take care of now; I haven't anything more to say.' 'Well,' he says, 'What would you do?' I said, 'I can only refer you to the conditions of your policy.' That was all the conversation. I have not seen him since."

There is no averment in the pleadings, nor any evidence in the record, that "an appraisal or award" was ever, after the loss, requested or spoken of by either insurer or insured, nor anything in the record, before the motion for a new trial, to show that the absence of such an appraisal or award was relied on as a defense to the action.

Charles B. Obermeyer, for appellant.

Frank M. Fairfield, for appellee.

Mr. Justice Brown delivered the opinion of the court.

Appellee's counsel in this case devotes more attention in his argument to the proposition that because the bill of exceptions does not certify that it contains all the evidence in the cause, we cannot consider the attack made on the judgment by the appellant, than he does to the merits of the objections urged to that judgment. This is unfortunate, because we are very clear that they are properly before us. We thought it was well understood that this court is committed to the doctrine that although there ought to be a certificate in a bill of exceptions that it contains all the evidence, if such be the fact, yet the mere absence of such a certificate, if it plainly appears in some other way that all the evidence is so contained in the bill, will not prevent such bill from being considered as covering all said evidence. Mullin v. Johnson, 98 Ill. App. 621; Henline v. Brady, 110 Ill. App. 82. In this case it does so plainly appear in more than one way, and we shall consider this case on the merits,

which deserved more attention from the appellee's counsel in his argument than he has given them.

A minor point in the complaint made by appellant of the judgment in this case is that the trial court, after the defendant had rested, allowed the plaintiff to· be recalled to testify as to the "interest on the amount of loss up to the present time." To this appellant objected because it was not proper rebuttal. This is not ground for reversal unless it plainly appears that by the exercise of his discretion in allowing the irregular order of proof, the trial judge has clearly done injustice. Chicago & Iowa Railroad Company v. Duggan, 60 Ill. 137; Maxwell v. Durkin, 185 Ill. 546. It is claimed by the appellant that the verdict is in any event excessive, because the interest sworn to by appellee was added to the amount of the policy. This would be true to the extent of the interest for about fifty days, if, as the abstract would seem to indicate, the interest had been computed and added from the date of the service of the proofs of loss to a date ten days before the trial. But the amount itself shows that there was not added to the amount of the policy interest on $800 for twenty months (from May 30, 1902, to January 30, 1904) at five per cent, but interest for eighteen months, and the record shows that this was what the witness called the $60—that is, it was interest on $800 from July 30, 1902, when, if ever, the loss became payable under the terms of the policy.

The appellant also complains that incompetent and improper evidence concerning the articles destroyed by the fire was admitted by the court over its objection. He says that copies of "lists prepared by appellee and his clerk ten days after the fire, and the statement of appellee and his said clerk *made to the jury from the said lists,* were admitted in evidence," and that appellee testified that he had no independent recollection of the articles destroyed by the fire, nor of their value. We do not think this is a fair statement· of appellee's testimony. Without quoting from the record what he did say, we will say that both he and Mr. Johnson, as we read the record, positively swore both as to the items

40        Appellate Courts of Illinois.

Vol. 121.]        Concordia Fire. Ins. Co. v. Bowen.

and the value, and we think no injurious error as to the testimony of these witnesses was committed by the trial court.

Something is said in appellant's brief and arguments concerning the non-payment of premium for the policy; but we do not gather that it is seriously insisted on, either as defeating the right of the plaintiff to recover or as diminishing his claim under the policy. The policy was delivered and became an executed contract, and the right of cancellation, which it provided for, was never exercised. There was no plea of set-off in the case, and the appellee testified that he did not assent to a proposition that the premium should be deducted from the amount of the settlement, but promised to give a check for the premium if the amount of the policy was paid in full to him.

The principal objection made by the appellant to the verdict and judgment, however, is that without proof by the plaintiff of an appraisal and award, expressed by affirmative word or conduct, no verdict for the plaintiff for any amount could be sustained. Appellant goes farther, and urges that without a specific averment in the plaintiff's declaration of such appraisal and award, or of such a waiver, no cause of action is stated thereby.

The question turns upon whether under the terms of the policy involved, in case of a disagreement as to the loss—such as is shown by this record—the "appraisal and award" mentioned in the declaration, are necessary and indispensable "conditions precedent" to a suit, or whether, on the contrary, the failure, neglect or refusal of the plaintiff to secure, or to participate in securing, such an appraisal and award, is a matter of defense to be averred and proven by the defendant if it would escape liability.

We are of the opinion, after a careful consideration of many other authorities, as well as those cited in the appellant's brief (which latter, as we have indicated, are ignored by appellee in his argument), that it is a matter of defense and not a condition precedent to a suit. To decide otherwise would be, in our opinion (repeating the quotation used

by appellant in another connection), to contradict the maxim that "that which is not reason is not law."

The policy, as shown by the statement prefixed to this opinion, says indeed that the "ascertainment or estimate" shall be made by the insured and the company, or, if they differ, then by appraisers *as hereinafter provided,*" and that the sum for which the company is liable shall be payable sixty days after notice, ascertainment, estimate and satisfactory proofs of loss have been received by the company, etc.; but this language is not to be construed as ousting the courts of jurisdiction to enforce a payment of a loss where some objection has been made to the amount claimed in the proofs of loss duly made, but no request, demand or suggestion has been made by the insurer that appraisers should be appointed. This is evident in the case of this policy by the language in which the appointment of appraisers is thereinafter "provided for." Should a fire occur, the insured shall in any event do certain things with the damaged and undamaged property covered by the policy, make a complete inventory, etc., with the *cost* and *amount* claimed on each article, and render this statement to the company with (among many other items) a sworn statement of the cash value of each article on which loss is claimed. Then, *if required,* the insured shall furnish verified plans and specifications of buildings, etc., destroyed or damaged. If *required,* he shall furnish a magistrate's certificate to certain things. As often as *required,* he shall exhibit, etc., the remains of any property described in the policy, and the books of account, of his business, etc.

After all these provisions comes the condition that "in the event of disagreement as to the amount of the loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, *the insured and the company each selecting one,* and the two so chosen shall select an umpire, etc., and the award in writing of any two shall determine the amount of such loss, etc. The company shall not be held to have waived any provision or condition of the policy or any forfeiture thereof by any *requirement,* act or

proceeding on its part relating to the appraisal, and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss *herein* required, have been received by the company, *including an award by appraisers when an appraisal has been required.* Nor shall "any suit or action on this policy for the recovery of any claim be sustainable, etc., until after full compliance by the insured with all the foregoing *requirements*," etc.

"To require," according to the standard definitions, means "to demand," "to exact," "to insist upon having, as indispensable;" and according to the natural purport of the language of the policy, therefore, it is only when in addition to various matters made indispensable by the policy itself, an appraisal has been "exacted," that it is necessary to bring the "award" to the notice of the company in order to fix the amount of loss. "Exacted" by whom? By the company naturally, which has to select one of the appraisers, which already has "exacted" and has before it the sworn and itemized statement of the loss as claimed by the insured under his contract, and which, if it is dissatisfied therewith, is plainly, in right reason, the party to take the initiative in securing such a *quasi*-judicial settlement. The company is not foreclosed from defense against the general liability claimed in the policy because it did not "require" the appraisal, nor would be so foreclosed if on demand it had refused to appoint an appraiser. Why should the other party entering into this agreement for an "arbitration" be foreclosed from prosecuting his claim because he did not demand what he could not have compelled the other party to perform? The contract as drawn is drastic enough in the obligations under which the insured is laid; it should not be rendered by construction unduly and unnecessarily more severe.

As the Circuit Court of Appeals of the United States said in Kahnweiler v. Phenix Insurance Co., 67 Federal Reporter, 483, "When it is once established that the meaning of any provision in a policy of insurance is ambiguous or capable

of two meanings, then all doubt as to its proper construction vanishes. It must receive that interpretation most favorable to the insured." In so holding the Circuit Court of Appeals followed the Supreme Court of the United States, which has said that if a policy is susceptible of two different constructions, the one will be adopted most favorable to the insured, and that this rule "recognized by all the authorities is a just one, because these instruments are drawn by the company" (National Bank v. Insurance Co., 95 U. S. 673), and agreed with the Supreme Court of Illinois, which has expressed itself in the same sense in Niagara Fire Insurance Co. v. Scammon, 100 Ill. 644; Healey v. The Mutual Accident Association, 133 Ill. 556, and Phenix Insurance Co. v. Stocks, 149 Ill. 319.

Our view of the policy under discussion here we think not only reasonable, but supported by the authorities. Thus Joyce on Insurance, sec. 3258, says that "Where the policy provides for an award to settle any dispute as to the value of property destroyed and that suit must be brought within a year, the provision for an award will be held to be waived by the insurer if he fails to make a demand for arbitration," and to this is cited Tilley v. Connecticut Fire Insurance Co., 86 Va., 811, and Randall v. American Fire Insurance Co., 10 Montana, 340; both which cases bear out the citation. The opinion of the Supreme Court of Montana, both in its reasoning and its citations, is elaborate and satisfactory.

The same view is stated with great clearness and vigor by Judge Caldwell in the case above cited, of Kahnweiler v. Phenix Insurance Co., supra, and sustained also by the opinion of the Supreme Court of Wyoming in Kahn v. Traders Insurance Co., 4 Wyoming, 419, and of the Kansas Court of Appeals in Liverpool & London & Globe Insurance Company v. Hall, 1 Kansas Appeals, 18.

It is quite clear that if a waiver by the insurer of the provision for appraisal is to be presumed from his merely failing to make a demand for it, as is laid down by Joyce, and the cases which we have cited, he must, as a matter of pleading, set up in defense such demand and the failure or neglect

of the insured to comply with it, if he would make it available for his protection from liability. The allegation of the insured that "he duly performed all the acts and things required of him by said policy," is sufficient. If the insurer relies on the default or misconduct of the insured in this particular regard to defeat the action, he must specially plead it.

Joyce on Insurance, sec. 3264, says: "If the insurer relies for a defense upon non-compliance with the arbitration and award clause in a policy, such clause must be specially pleaded," and cites thereto Kahnweiler v. The Phenix Ins. Co., Kahn v. Traders Ins. Co., and the Liverpool & London & Globe Ins. Co. v. Hall, *supra*.

While it is true that provisions of the Codes of some States have altered, in the direction of greater liberality, the common law with reference to the particularity with which the performance of conditions must be pleaded by a plaintiff, and have therefore rendered cases in such jurisdictions of less weight here, on this particular point, than they would otherwise be, we think that the statement of the text writer is correct as applied also to common-law practice. It had long been the law of England, under the Common Law Procedure Act, even before recent reforms in the practice, that the performance of all conditions, even when strictly conditions precedent, might be alleged generally by a plaintiff in a suit on a contract, leaving to the defendant the right of specially pleading their breach. Moreover, by the common law in its strictness as suggested by Judge Caldwell in Kahnwiler v. Phenix Insurance Company, if the securing an appraisement and award were, in any given case, held strictly conditions precedent, the failure to show a compliance with them would not bar or extinguish the action nor justify a judgment *nil capiat,* but only of "abatement until after an award shall have been obtained fixing the amount of the loss." The defense, in other words, would be dilatory, and not peremptory. But by pleading the general issue all dilatory defenses, all matters merely in suspension or abatement of the action, are waived. It would seem to follow that a failure to allege

the performance of such assumed conditions precedent on the part of the plaintiff could, in any event, only be taken advantage of on demurrer, and not as attempted in the present case, on objection to evidence or by motion in arrest of judgment. And it would equally follow that if a demurrer were not thus interposed to the declaration, special pleas by the defendant and the proof by him under them of failure of performance of such conditions, would be necessary to render it available as a defense.

The various cases cited by the appellant's counsel have all been examined by us, and where they are of authority can be distinguished from the case at bar. The language used in them must be considered with reference to the fact that they differ from it in one or more of the following particulars: The provisions of the policy under discussion were such as clearly to declare that no liability could accrue without or before an award; or a demand for the appraisal had actually been made by the insurer and refused by the insured; or an appraisal and award having actually been made, the insurer claimed that he was not bound thereby; or at the least, the defendant had set up as a defense, by plea or in the evidence, that appraisal and award were necessary, under the facts of that case, to a recovery, and had not been obtained, or the plaintiff's complaint in itself showed affirmatively the same things.

Mosness v. German American Ins. Co., 50 Minn., 341, (the citation connected with the section cited by the appellant from Joyce), falls within the third and fourth of these classes. The complaint of the plaintiff itself showed the difference had arisen as to the value, as well as the provision of the policy for an award, and the subsequent pleadings showed that an award had been made and the insured had refused to be bound by it.

In Carroll v. Girard Ins. Co., 72 Cal., 297, also, there was actually an award. The defendant set it up and the court says that the action should have been on that award, and not on the policy.

The earlier California case of Adams v. Insurance Com-

panies, 70 Cal., 198, cannot be so clearly distinguished, but it does not appear what the pleadings were in that case, nor whether or not the defendant did not plead the absence of an award as a matter of defense.

In Vernon Ins. & Trust Co. v. Maitlen, 158 Indiana, 393, the plaintiff's complaint averred that the insured and insurer differed as to the amount of the loss, and that the insurer demanded an arbitration, and yet did not aver any sufficient excuse for not producing an award. The complaint was of course, therefore, bad, if the contract was a valid one.

The Chippewa Lumber Company v. The Phenix Insurance Company, 80 Mich., 116, plainly falls within the first class described. The language of the policy was without qualification, that "no suit should be sustainable until after an award," and this it was expressly agreed should be a condition precedent.

The case at bar is more like Nurney v. The Firemen's Fund Insurance Company, 63 Mich., 633, referred to and distinguished in Chippewa Lumber Co. v. Phenix Ins. Co. In the Nurney case the Supreme Court of Michigan held that where either party had the right to demand an appraisal or arbitration and neither did so demand it, the arbitration must be deemed waived by both, and the plaintiff left to the mode of redress provided by law. "The agreement," the court says, "to arbitrate never became operative, and the agreement not to sue being dependent on the agreement to arbitrate, of course must also have become inoperative."

In Fisher v. The Merchants Insurance Co., 95 Maine, 486, the language of the policy was different. Arbitrators were appointed and made an award, and the plaintiff in his declaration averred all this, but failed to aver the invalidity of the award.

In Westenhaver v. The German American Insurance Company, 113 Iowa, 726, the defendant pleaded the absence of an appraisement and its own attempt to secure it, and the case turned on the refusal of the plaintiff to proceed with such an arbitration.

In Manufacturing Co. v. Assurance Co., 106 N. C., 28,

the defense was affirmatively made by the insurer, that a difference arose, that the insurer made a written request for arbitration and that the plaintiff refused to comply with the request.

In Providence Washington Ins. Co. v. Wolf, in the Appellate Court of Indiana, reported 72 N. E. Rep., 606, the case turned upon pleadings which raise the issue whether certain conduct stated constituted a waiver of an appraisal by the insurer.

In Insurance Co. v. Carnahan, 63 Ohio State, 258, the defense was affirmatively pleaded by the insurance company that there had been a disagreement, that arbitration had been demanded, but that no arbitration had been had as provided.

The various courts, in deciding the cases, may have used language seemingly inconsistent with the view we take of the questions involved here, but we see nothing in them on analysis which should compel or influence us to a different opinion.

The Illinois cases cited by appellant do not establish its contention.

The language of the learned judge of the Appellate Court in the Third District, in the Phoenix Insurance Co. v. Lorton & Co., 109 Ill. App., 63, although entitled to respect, is not binding on us, and in that case it does not appear what the pleadings were. It does appear in the opinion, however, that the company, by its representative, had demanded an appraisal.

Johnson v. Humboldt Ins. Co., 91 Ill., 92, is not at all in point. There is in it only the dictum, self-evidently true, that where the language of a policy provides that no suit shall be sustainable until after an award, the award is indispensable to sustain the suit.

The quotations in counsel's argument from the Continental Life Ins. Co. v. Rogers, 119 Ill., 474, do not involve the point decided in the case. The judgment in that case against the insurance company was affirmed. As "promotive of justice," matters which were urged as conditions precedent

were held not to be so, and the court says that when the making of its policy, its terms, the payment of the premium, the death of the assured and the giving of notice and making proofs thereof to the company were proved, "a *prima facie* right of recovery was made out against the defendant which the latter was bound to meet by some affirmative action, otherwise the plaintiff was entitled to judgment."

The Phenix Ins. Co. v. Stocks, 149 Ill. 319, is another case in which the judgment against the insurance company was affirmed, in the face of objections that "conditions precedent" were not averred and proved by plaintiff. In this case the language of the policy was that no suit should be sustainable until "after an award shall have been obtained fixing the amount of such claim in the manner above provided," (i. e., by appraisal), "which is agreed to be a condition precedent," and the court says that in construing these and like clauses that construction is to be adopted which is most favorable to the insured, and that placing objection to payment on other grounds than a want of arbitration waived such arbitration. The opinion further declares that in cases where it is the right of either party to demand arbitration, it is right of the parties to waive it, and if no demand is made therefor, it will be presumed to have been waived.

Niagara Fire Ins. Co. v. Bishop, 154 Ill., 9, merely decides that a contract in the policy precluding suit until appraisal has been made, is not invalid as an attempt to oust the courts of jurisdiction. The failure to secure an award was set up in the case as a matter of defense by special pleas, and the judgment was finally affirmed on the ground that on the issues made by those pleas and the replications thereto, the proof showed that appellant was to blame for the failure of the appraisal.

The judgment of the County Court is affirmed.

*Affirmed.*