# The Lancashire Insurance Company v. James Harvey Lyon.

## Gen. No. 12,273.

1. INSURANCE POLICY—*what does not establish prima facie case under.* The introduction of the policy in suit and the proofs of loss (meaning the sworn claim provided for by the policy), does not make out a *prima facie* case *of the amount of the loss.*

2. INSURANCE POLICY—*what not evidence of loss under.* A statement of loss made in the proofs of loss is not evidence of the loss or damage sustained.

3. INSURANCE POLICY—*when verdict in action upon, will be set aside.* A verdict in such an action predicated upon incompetent and unsatisfactory evidence and which represents a mere guess by the jury will be set aside.

4. AMENDMENT—*power of court to permit, upon trial.* It is within the discretionary power of the court to authorize the plaintiff to amend his declaration during the progress of the trial.

5. APPRAISEMENT—*what not duty of insured with respect to securing.* In the absence of an agreement being reached by the appraisers first appointed to estimate a loss, it is not the duty of the insured to propose the selection of new appraisers.

6. PROOFS OF LOSS—*what does not waive necessity for.* The exercise by the insurer of the right secured by the policy to examine the insured under oath concerning his claim for loss, does not waive the necessity for the presentation of proofs of loss where the policy provides that the insurer shall not be held to have waived any provision or condition of the policy by any requirement, act or proceeding on its part, relating to any examination in the policy provided for.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed February 13, 1906.

**Statement by the Court.** This is an appeal by the Lancashire Insurance Company from a judgment against it in favor of the appellee, Lyon, for $559.93, rendered by the Superior Court of Cook county, November 7, 1904. The

judgment was rendered in an action of assumpsit on the verdict of a jury.

The declaration in the cause alleged the making of a policy of fire insurance by the appellant (the defendant below) insuring the appellee (the plaintiff below) against loss by fire to the amount of $500 upon his household furniture at 4249 Calumet avenue in Chicago.

The policy was declared on according to its legal effect, and was also inserted *in haec verba* in the declaration. The only parts necessary to be quoted are in the notice of special matters of defense filed by defendant under the general issue (the only plea filed), and hereinafter set out.

The declaration alleged the destruction by fire of the property insured, and that the amount of loss was $500. It also averred that plaintiff gave defendant due notice of the loss, and afterward, within the time designated in the policy, delivered proofs of loss to the defendant, and that although the plaintiff had kept and performed all things in said policy to be kept and performed, the defendant had not paid the plaintiff the amount of such loss and damage.

The notice filed by defendant under the general issue set up as matter of defense which the defendant would prove and insist on, that in the policy it was stipulated between plaintiff and defendant as follows:

" This Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with materials of like kind and quality; said ascertainment or estimate shall be made by the insured and this Company, or, if they differ, then by appraisers as hereinafter provided, and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this Company in accordance with

the terms of this policy.   *   *   *   In the event of disa-
greement as to the amount of loss, the same shall, as above
provided, be ascertained by two competent and disinterested
appraisers, the insured and this company each selecting one,
and the two so chosen shall first select a competent and disin-
terested umpire; the appraisers together shall then estimate
and appraise the loss, stating separately sound value and
damage, and, failing to agree, shall submit their differences
to the umpire; and the award in writing of any two shall
determine the amount of such loss; the parties thereto shall
pay the appraiser respectively selected by them and shall
bear equally the expenses of the appraisal and umpire.   This
company shall not be held to have waived any provision or
condition of this policy or any forfeiture thereof by any
requirement, act, or proceeding on its part relating to the
appraisal;   *   *   *   and the loss shall not become payable
until sixty days after the notice, ascertainment, estimate and
satisfactory proof of the loss herein required have been re-
ceived by this Company, including an award of appraisers
when appraisal has been required.   *   *   *   No suit or
action on this policy, for the recovery of any claim, shall be
sustainable in any court of law or equity until after full
compliance by the insured with all the foregoing require-
ments.   *   *   *   This policy is made and accepted subject
to the foregoing stipulations and conditions."

Also, that after the fire mentioned in the declaration, the
plaintiff and defendant endeavored to agree between them-
selves upon the amount of the loss and damage, but were un-
able to do so, "whereupon an appraisal was required," as
provided for in said policy, to ascertain the amount of said
loss; that appraisers were chosen by the respective parties;
that without any fault on the part of the defendant, the ap-
praisers were unable to agree upon the amount of said loss
before this suit was brought or afterwards; "that no ap-
praisal had been had and said appraisal was still pending
and undetermined when the suit was brought," and that the
ascertainment of the amount by appraisement was a condi-
tion precedent to the maturity of any claim under said policy
or the right of the plaintiff to sue thereon.

Also, that after said loss, the plaintiff rendered a state-
ment to the defendant, but that said statement was not in
compliance with the terms of said policy; that defendant no-
tified plaintiff in writing that the affidavit and proofs of loss
were insufficient and unsatisfactory, in that the policy sued
on required a certificate of the magistrate or notary public
living nearest the place of the fire, that he had examined the
circumstances and believed the insured had honestly sus-
tained loss to the amount certified by him; that the defend-
ant in this case required such certificate to be incorporated
in said affidavit in proof of the loss, and thereupon notified
the plaintiff in writing to that effect, but the plaintiff failed
and refused to incorporate in the proof of loss such a certifi-
cate, and that said proofs of loss were otherwise informal
and incomplete and have not been accepted by the company
as being in compliance with the terms and conditions of said
policy, and that the rendition of said proofs of loss as in
said policy stipulated was a condition precedent to the ma-
turity of any claim under said policy or the right of the
plaintiff to sue thereon.

After the conclusion of the plaintiff's evidence the de-
fendant moved the court for an instruction directing the
jury to find for the defendant. After argument the plain-
tiff asked leave to amend his declaration so as to include
therein allegations of the waiver by the defendant of an
award of arbitrators and of a magistrate's certificate as to
the loss and of the failure of an attempted arbitration, and
leave was accordingly given him, and he filed such amend-
ments. Thereupon the motion of the defendant for an in-
struction to find for it was again pressed and denied.

The defendant offered no evidence, and the cause went to
the jury under various instructions given by the court at the
request of the respective parties, two of defendant's offered
instructions, however, being refused.

After the verdict a motion for a new trial was made by
defendant and denied, and then a motion in arrest of judg-
ment, which was also denied.

In this court errors have been assigned covering the re-

fusal of the court to take the case from the jury, the giving
of several instructions claimed to be erroneous, and the re-
fusal of others said to be correct and necessary, the claim
that the verdict was contrary to the law and the evidence and
contrary to the instructions given by the court, and alleged
erroneous rulings by the court in admitting and excluding
evidence and in allowing the plaintiff to amend his declara-
tion over the objections of the defendant after the close of the
evidence.

BARGER & HICKS, for appellant.

SAMUEL A. HARPER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

We are obliged to reverse this judgment and remand this
cause, because the record shows that no competent evidence
of the amount of the damages went to the jury, and the
verdict must therefore have been based on the insufficient
ground of a mere guess, or on one of the equally insufficient
grounds, of evidence, altogether incompetent for the purpose
of establishing the amount of damages, and admissible only
for other purposes, or of evidence which was stricken out,
or of a misunderstanding of what was actually testified.

Appellee insists that the introduction of the policy and
"proofs of loss" (meaning the sworn claim provided for, by
the policy and delivered to the insurer by the insured after
the fire) made out a *prima facie* case *of the amount of the
loss*. To this proposition he cites several cases: Con-
tinental Ins. Co. v. Rogers, 119 Ill., 474; Illinois Fire Ins.
Co. v. Stanton, 57 Ill., 354; Forehand v. Niagara Ins. Co.,
58 Ill. App., 161, and Merchants Nat'l Ins. Co. v. Dunbar,
88 Ill. App., 574; but no one of them furnishes justification
for it.

The case of the Continental Ins. Co. v. Rogers was a suit
on a life insurance policy for a fixed sum payable on death,
and the opinion expressly shows that the plaintiff testified
to the death of the assured and expressly states that "the
death of the assured" was one of the averments necessary to

be made and proved in addition to the "making proofs to the company." In the Illinois Fire Ins. Co. v. Stanton, 57 Ill., 354, Mr. Justice Scott does indeed say: "The appellee by production of the policy and the proofs of loss made a *prima facie* case," but the remark was made merely as bearing on a question of pleading, and is in itself ambiguous. Did the learned judge mean, "by production of the policy and production of the proofs of loss," (using "proofs of loss" in the sense of the document addressed to the company); or did he mean (which is quite as likely) "by production of the policy" and "by the proofs of loss"? Undoubtedly it was strictly true that by production of the policy and by proving the loss, a *prima facie* case was made.

In the case cited from the Appellate Court of the Fourth District, Forehand v. Niagara Ins. Co., 58 Ill. App., 161, the statement of the court, "The introduction of the policy, *with proof of loss,* makes a *prima facie* case for the plaintiff," is strictly accurate. "Proof of loss" means evidence of the loss. In the last case cited, Merchants National Ins. Co. v. Dunbar, 88 Ill. App., 574, the court says: "The policy of insurance with proofs of loss was introduced by plaintiffs. This made a *prima facie* case." But it proceeds, "The amount of the recovery does not exceed three-quarters of the loss, and is not disputed if plaintiffs are entitled to any recovery at all." The learned judge writing the opinion probably had nothing further from his thoughts than the contradiction of the rule laid down by all the text books on the subject and by many cases of authority, that "the proofs of loss" (meaning by that term the technical and detailed written statements required by the insurer from the insured and provided for by the policy) are in a suit on the policy only admissible as evidence that the requirements of the policy have been met—not of the facts which they state. Our Supreme Court once went farther and held it error to allow them to go to the jury (Lycoming Ins. Co. v. Rubin, 79 Ill., 402), but in a subsequent case (Knickerbocker Ins. Co. v. Gould, 80 Ill., 388, 392) modified the holding, declaring that "The true rule is, that the proofs of loss are proper to

show compliance with the terms of the policy, but are not to be considered in ascertaining the amount of the damages."

Nor can we agree with appellee's contention that the affidavit constituting the "proofs of loss" in this case, because admitted without objection to its general competency and materiality, became competent evidence to be considered by the jury, of anything of which it would not have been evidence, if defendant had objected to its being so considered. Whatever admissions against interest it contained would be evidence against plaintiff, like any other preceding sworn statement shown to have been made by him, and this is the purport of the cases cited by plaintiff on this point, but as it was competent and unobjectionable for the plaintiff for one purpose, defendant was not obliged specifically to point out that this *ex parte* affidavit was not evidence of the self-serving statements therein contained, in order to make the proposition true.

Appellee further says that the plaintiff, by testimony in the case, furnished evidence sufficient to warrant the jury in estimating the damage by the fire to the goods insured as greater than the amount of the policy.

We have carefully examined the testimony with the question involved in view, and are unable to find that which would justify us in so holding. Questions were asked the plaintiff while on the witness stand several times involving the amount of the damage, but at no time but once, as we read the record, was an answer obtained, and then it was stricken out, so that the jury had no right to consider it and cannot be supposed to have done so. The plaintiff was asked, "What was the value of the property which you say was in this building and which was injured or destroyed by fire?" He replied, "You refer to the property I owned in the building?" Q. "Yes,—which was affected by the fire." A. "It was about $1,800—the total value." Then he was asked, "Did you make a statement of the injury and loss by reason of that fire?" A. "I did." Q. "And what is that amount?" Appellant's counsel: "I object." The witness: "In the vicinity of $800—800 and some odd dollars." The

Court: "Objection sustained." Appellant's counsel: "I move to strike out the answer." The Court: "Motion sustained." After that, the court sustained objections to questions as to the value of the property left after the fire, on the ground that it would not be direct but inferential evidence of the loss, and then again sustained an objection to a direct question as to the amount and character of the damages to the property that the witness had stated was worth $1,800 before the fire. Then this colloquy occurred:

"COUNSEL FOR APPELLEE: What happened to this property then, by reason of this fire, if anything? A. Part of it was consumed and part of it was charred and burned and part of it was destroyed by water, which was used to put out the fire, with the frigidity of the atmosphere following.
Q. What was the amount or extent in value of that damage to the property?
COUNSEL FOR APPELLANT: I object.
THE COURT: You asked him a little while ago, and he said $1,800,—don't you remember it?
COUNSEL FOR APPELLEE: Yes, I remember that, and if the Court admits that, I am done.
THE COURT: He told it and it is there."

The explanation of this apparent game of cross purposes we cannot give. We do not know why the witness was not allowed to testify either directly the extent and amount of the damage, or indirectly by stating the amount saved from the $1,800 worth of property. But not only from this, but from other testimony of the plaintiff also, it is clear that the property insured was not a total loss. Some of it, he says, was removed into the cellar of his new residence, some of it sent for renovation, and some of it given away. And it is equally clear, despite the inaccurate statement of the court, assented to by the counsel for appellee, that $1,800 was the total sound value of the goods insured and not the "amount or extent of the damage" to those goods. On the cross-examination of the plaintiff the trial judge seemed at one point to be disposed to get from him the information he had declined to let him give on direct examination, but the counsel for appellant disclaiming curiosity on the point, the

anticipated statement from the witness dissolved into an unsatisfactory guess as to the value of the property removed from the burning building into the alley, and thus an absolutely essential element of the plaintiff's case was omitted entirely. For this reason, as we have indicated, the judgment must be reversed and the cause remanded.

We do not deem it necessary to discuss at length the other errors assigned by appellant.

There was no error in allowing the plaintiff to amend his declaration when he asked leave to do so. As to the necessity of the amendment made, however, under the conditions of the policy in this case, we refer counsel to the opinion of this court in the Concordia Fire Insurance Co. v. Bowen, 121 Ill. App., 35, in which the whole question, with many cases bearing on it, is discussed, and it is held, with relation to a policy with identically the same language as to appraisement as in the case at bar, that the failure, neglect or refusal of the plaintiff to secure an appraisal or award is a matter of defense to be averred and proven by the defendant if it would escape liability.

In the case at bar the lack of an appraisement was set up as a matter of defense, and notice under the general issue may be said to have taken the place of a plea by the defendant. But the theory of the notice was inaccurate in assuming the ascertainment of the amount of the loss by appraisement to be a condition precedent to the maturity of any claim. It contained the implication that the absence of any such appraisement without the fault of the defendant would be fatal, whereas that result would only follow if the failure to secure an appraisement was through the fault of the plaintiff. If such failure was without the fault of the plaintiff, he could still maintain his suit. In this view we deem the instructions which dealt with this question of appraisement to be without reversible error, and as favorable to appellant as it had a right to demand, and think the court was right in refusing the instruction offered by the appellant, that if without fault of either party, the amount of said loss and damage was not determined by an award of appraisers, it was the

duty of the plaintiff to propose the selection of new appraisers after the first appraisers chosen by the parties failed to determine the amount of such loss. That no such duty existed follows logically from the view taken of the condition in Concordia Ins. Co. v. Bowen, *supra,* and that it does not is, we think, decided in Niagara Fire Ins. Co. v. Bishop, 154 Ill., 9.

In consideration of the disposition which we are somewhat reluctantly obliged to make of this case, it does not become necessary to discuss the instructions which relate to the proofs of loss, the failure of the plaintiff to produce original invoices and a certificate of a magistrate, further than to say that they do not seem to us to state the law inaccurately or to contain reversible error. The proposition of the tenth instruction — that if the defendant examined the plaintiff under oath concerning his claim for a loss under the policy, as required by the terms and conditions of said policy, it, by such examination under oath, waived all right to require of the plaintiff a proof of loss, or any other act to be done by the plaintiff as evidence of such loss and the amount thereof — seems to be set forth as a general rule of the law of insurance by the approved text writers on insurance contracts and the cases by them cited. 4 Joyce on Insurance, sec. 3381; 2 May on Insurance, sec. 466.

The question involved has never been passed on, however, by our Supreme Court, and in view of the express provision of the policy that the company shall not be held to have waived any provision or condition of the policy by any requirement, act or proceeding on its part relating to any examination therein provided for, we cannot approve of the instruction, and must hold it erroneous in this case. The company could undoubtedly waive requirements which it might have insisted on, by not insisting on them, and might in proper case be held to have done so, as we decided in Concordia Insurance Co. v. Bowen, but under the provision we have last above quoted, it might also, we think, insist on both an examination under oath and the appraisal which the policy gave it a right to require.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*