## Torpedo Top Company, Appellee, v. Royal Insurance Company, Appellant.

### Gen. No. 15,512.

1. JURISDICTION—*of City Courts.* The jurisdiction of City Courts in an action upon an insurance policy (such action being transitory) is not dependent upon the location of the property at the time of its destruction.

2. JURISDICTION—*when failure of court to convene not established.* *Held,* that in view of the presumptions which support the jurisdiction of a court of record, that it did not appear that the City Court in this case had not duly convened.

3. PLEADING—*when error in settling unavailing.* To fail to sustain a demurrer to a declaration becomes unimportant if afterwards additional counts are filed upon which by issues duly formed a trial is had.

4. PLEADING—*when insufficient to predicate defense of non-appraisal under insurance policy.* A plea which relies upon the failure of the plaintiff in an action upon a fire insurance policy to cause an appraisal in the event of disagreement as to the amount of the loss, must allege a disagreement prior to the commencement of the action and require that an appraisal be made.

5. INSURANCE—*when suit commenced within limitation period of policy.* If the policy issued required that suit be commenced within a specified period the issuance of a summons within the time limited is a compliance within the meaning of the policy.

6. TRIAL—*when affidavit for continuance defective.* An affidavit for a continuance predicated upon the absence of a material witness must show diligence and state that what the affiant expected to prove by such witness is true or believed to be true.

Torpedo Top Co. v. Royal Ins. Co., 162 Ill. App. 338.

7. TRIAL—*when consolidation of causes not error.* The consolidation of actions at law is discretionary with the trial court and in the absence of abuse of discretion a consolidation will not reverse.

8. TRIAL—*what incompetent to sustain challenge to array.* A certified copy of a memorandum of an order of the jury commissioners is not competent to establish a challenge to an array.

9. TRIAL—*when overruling challenge to array not error.* In the absence of positive injury being shown it is not error to deny the challenge to an array.

10. TRIAL—*effect of decree as to special findings.* If a party is entitled to an answer upon a special finding and the jury return the same with a general verdict accompanied by a statement to the effect that with respect to such special finding they have disagreed, the party cannot complain of the failure of the jury to answer such special interrogatory in the absence of his having made a motion to send the jury back to answer the same.

11. EVIDENCE—*what memorandum competent to refresh recollection.* A contemporaneous memorandum may be used by a witness to refresh his recollection if he is thereby enabled to testify from an independent recollection.

12. INSTRUCTIONS—*approved form in action upon fire insurance policy.* The following instructions upon this subject approved:

"The court instructs the jury that if they believe from the evidence that the fire in question preceded and caused the explosion in question, then the loss, if any, suffered by the plaintiff, either by fire or the explosion, or both, is within the intent and meaning of the policies in question, a loss resulting from fire."

"The court instructs the jury, as a matter of law, that if they believe from the evidence that, as a result of the explosion testified to by witnesses upon the witness stand in this cause, a portion of the walls of said building was blown down, or a portion of the roof of said building was blown off, and fire immediately ensued, then that such falling of a portion of the said walls, or such blowing off of a portion of the said roof by the said explosion, was not such a falling of the said building, or a part thereof, as would terminate the insurance under the policies sued upon."

13. INSTRUCTIONS—*effect of special findings to cure.* If a special finding indicates that a refused instruction was unimportant to the determination of the cause, its refusal will not constitute error.

Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

**Statement by the Court.**    Appellee brought two separate actions in the City Court of Chicago Heights against appellant upon two several insurance policies issued by it, covering property located in a building known as 1175–93 West Eighteenth street, Chicago, and which was destroyed by fire on the 15th of March, 1903.   The cases were consolidated and tried before a jury on the 14th of September, 1908, the defendant protesting against such consolidation, and a trial at that time.   The jury returned a verdict of $3039.59, upon which judgment was entered, and from which judgment the defendant appealed to this court.

Appellant seeks a reversal of the judgment upon the following grounds:

1. That the City Court of Chicago Heights was without jurisdiction of the subject-matter, because it did not arise within the territorial limits of that city, and that, therefore, the judgment is void.

2. That the court erred in settling the pleadings.

3. That the court erred in denying appellant's motion for a continuance on the ground of the absence of a material witness.

4. That the court erred in consolidating the cases.

5. That the City Court of Chicago Heights, at the time of the trial, was not legally convened either in special or regular term, and had no authority to try the cases.

6. The court erred in overruling appellant's challenge to the array, and in proceeding to trial with a jury.

7. The court erred in its rulings upon the admission of evidence.

8. The court erred in overruling appellant's motion for a new trial.

CHARLES B. OBERMEYER, for appellant.

LOUIS E. HART, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court. Taking up the objections of appellant in their order, we

first consider whether the City Court of Chicago Heights had jurisdiction of the suits in question. The City Court of Chicago Heights was created pursuant to section 1, article 6, of the Constitution of Illinois of 1870, which provides:

"The judicial powers, except as in this article otherwise provided, shall be vested in one Supreme Court, Circuit Courts, County Courts, Justices of Peace, Police Magistrates, and in such courts as there may be created by law in and for cities and incorporated towns."

Section 24, chapter 37, of Hurd's Revised Statutes, referring to city courts, provides that they "shall have concurrent jurisdiction with the Circuit Courts within the City in which the same may be, in all civil cases and in all criminal cases arising in said City.   *   *   *   And the course of procedure and practice in such courts shall be the same as in the Circuit Courts, so far as may be."

We think it clear that the action in this case is properly termed a transitory action, and that the jurisdiction of the court in no measure depends upon the location of the property at the time of its destruction. We cannot give assent to a construction of the law relating to the jurisdiction of this court which would require us to hold that the City Court of Chicago Heights would have no jurisdiction of the suit brought by one of its citizens against another upon a promissory note which happened to be executed and to be made payable outside of the city. In the year 1906 in the case of Knickerbocker Ice Co. v. Leyda, 128 Ill. App. 66, the Appellate Court for the Second District distinctly held that the City Court of Aurora had jurisdiction of the subject-matter of a suit brought to recover damages for an injury received in an accident which occurred in the city of Chicago, and the court said:

"We are of opinion that the City Court of Aurora did have jurisdiction of the subject-matter, and that the motion to dismiss was properly denied. Hercules Iron Works v. Elgin, Joliet and Eastern Ry. Co., 141 Ill. 491."

Accordingly we are of opinion that in this case the court

had jurisdiction, and was competent to proceed with the cause.

Considering the next contention of appellant, that the court below erred in settling the pleadings, we think the failure of that court to sustain the demurrer of appellant to the first counts of the original declarations is unimportant, because additional counts were filed upon which issues were taken and upon which the trial was had. To these amended counts appellant filed various pleas, and now claims that the court has erred in sustaining a demurrer to the second, sixth and seventh pleas filed by it. The second plea made the point that by the terms of the policy sued on, it was required that the suit should be brought within twelve months next after the fire, and appellant contends it was not a sufficient compliance with this provision that appellee began its suit, unless within that period it filed a declaration sufficiently setting up its cause of action, which it claims was not done by the first counts in the declaration to which it demurred. An inspection of the pleadings, however, shows that the policy required that suit should be begun within twelve months from date of the fire, and we hold that the suits in this case, having been begun by the issuance of summons within the time limit, were commenced within the meaning of the policy. Schroeder v. The Merchants' & Mechanics' Insurance Co., 104 Ill. 71; McKee v. Allen, 94 Ill. 147.

Appellant's sixth plea averred a stipulation in the policy providing for an appraisement to determine the amount of loss or damages, in the event of disagreement between the company and the assured, and alleging that the plaintiff and defendant did disagree as to the amount of the loss, and that by reason of the failure of the plaintiff to cause an appraisal, no cause of action had accrued. An inspection of the record, however, shows the allegation in the plea to be "that the plaintiff and defendant differ and disagree as to the amount of said loss." All pleadings are to be construed most strongly against the pleader. There is nothing in this plea showing that there was any disagreement between the parties as to the amount of the loss prior to the commencement of the suit.

Therefore the plea is bad, and the demurrer was properly sustained to it. In addition the plea failed to require, on the part of the Company, that the appraisal should be had. This was necessary to constitute a good plea. Lancashire Fire Insurance Co. v. Lyon, 124 Ill. App. 491; Concordia Ins. Co. v. Bowen, 121 Ill. App. 35.

As appellant failed to argue the sufficiency of its 7th plea, we disregard the assignment of error in relation to it.

As to appellant's contention that the court erred in refusing to grant a continuance because of the absence of a material witness on its behalf, we think the affidavit filed in support of the motion, though quite lengthy, yet fatally defective in not sufficiently showing diligence to procure the attendance of the witness. In applications of this character it is essential that the affidavit discloses diligence on the part of the moving party. City of Freeport v. Isbell, 93 Ill. 381. The affidavit is also defective in that the affiant fails to state that what he expects to prove by the witness is true, or that he believes it to be true. This was held essential in an affidavit of this character in Lichliter v. Russell, 89 Ill. App. 62; also in Wilhelm v. People, 72 Ill. 468.

Appellant also complains that the court erred in consolidating the two cases. Upon principle, it would seem as if these two cases should be consolidated. They were brought by the same plaintiff against the same defendant upon similar insurance policies issued by it, covering property located in one building, and destroyed by one fire; and it is difficult to see how appellant could have been harmed by the consolidation. In any event, the consolidation of like cases for trial is a matter of discretion with the trial court; and unless that discretion has been abused, it will not be reviewed. Woodburn v. Woodburn, 23 Ill. App. 289.

It is next contended by appellant that the court at Chicago Heights, at the time of the trial, was not then legally convened, either in regular or special term, and therefore had no authority to proceed to try the case. Various recitals in the bill of exceptions and in the affidavit of appellant, clearly indicate a recognition of regularity of proceeding. The City

Court at Chicago Heights is a court of record, and, therefore, its records import verity. The regular terms of the City Court of Chicago Heights begin on the third Mondays of February, April, June, September and November of each year. The cases were consolidated and tried on the 14th day of September, and appellant contended, and offered to show, that the record of the court did not show that it had been convened at any time after the third week in June, 1908, and that, in the interval between that date and the time of the trial, the presiding judge had sat continuously as an associate judge in the hearing and trying of cases in the Superior Court of Cook county. In view of the presumptions of law in favor of the regularity of the action of the court, we cannot say, upon the offer made, that the presiding judge did not sit some portion of each day in the City Court of Chicago Heights, which is accessible to the city of Chicago, in which the Superior Court of Cook county was being held. See Jasper v. Schlesinger, 22 Ill. App. 637, in which the court says (p. 639): "The rule of law is that the court is open from the first convening at the commencement of the term as fixed by law till it is closed by the expiration of the term, or adjournment *sine die,* and the term, though running through several weeks, and even months, is to be regarded as one day." Citing Richardson v. Beldam, 18 Ill. App. 527, and other cases.

Appellant further contends that the court erred in overruling his challenge to the array, and proceeding to trial with the jury. In support of his challenge he produced what he referred to as a certified copy of the memorandum of an order appearing on the records of the Jury Commissioners, to the effect that, on the 27th day of August, 1908, on the order of Judge Homer Abbott, dated August 25, 1908, the clerk of the City Court of Chicago Heights, in the presence of the Jury Commissioners and the clerk, drew from the jury box seventy-five names for service for the September term, 1908, of said City Court, and appellant claims inferentially that the jurors thus shown to have been drawn for the September

term of that court, were the jury which tried this particular case.

We do not think the certificate was properly admissible in evidence, but, in any event, there is no attempt to show any positive injury sustained by appellant in consequence of the refusal of the court to quash the panel. It has been clearly held that this is essential. Wilhelm v. People, 72 Ill. 468.

Appellant complains that the court erred in its rulings upon the admissibility of the testimony of one Frank G. Mason. The principal cause for complaint seems to be that when testifying, witness held in his hand a memorandum or inventory of the articles of merchandise covered by the policy. It appeared that the memorandum was made on the 15th of February, 1904, by the witness, in company with a Mr. Rand. The goods were then located at 66 West Van Buren street, from which place they were then removed to their location at the time of the fire. Mason testified that the memorandum or inventory was made for the purpose of showing just what property was moved into the new building, and he further stated that he saw the property after it had been moved in and knew that the goods inventoried were those destroyed by the fire. The witness did not attempt to read from his memorandum into the record, nor was it offered in evidence. The witness distinctly, and on several occasions, stated he was testifying from his own recollection, after having it refreshed by the inspection of his memorandum. If his testimony is to be believed, and we do not find anything in the record to justify us in refusing to believe it, these answers certainly made the evidence admissible. While the testimony of the witness is unsatisfactory in some respects, yet aided by the common knowledge which jurors are assumed to possess, we cannot say, that the testimony did not warrant a verdict.

Appellant complains of the following instruction given at the request of appellee:

. "The court instructs the jury that if they believe from the evidence that the fire in question preceded and caused the explosion in question, then the loss, if any, suffered by the

plaintiff, either by fire or the explosion, or both, is within the intent and meaning of the policies in question, a loss resulting from fire."

As applied to the evidence in the case we think this instruction correctly stated the law. German American Ins. Co. v. Hyman, 94 Pac. Rep. 27; Heuer v. Northwestern Nat. Ins. Co., 144 Ill. 393. The cases cited by appellant in opposition to this view are not cases where the damage to the building was occasioned by the explosion on the property insured, and caused by the fire which destroyed the property.

The evidence in the present case justified the jury in finding that the fire preceded the explosion, and that the explosion, therefore, was but an incident in the destruction of the building.

Instruction number 4, given at the request of appellee, is as follows:

"4. The court instructs the jury, as a matter of law, that if they believe from the evidence that, as a result of the explosion testified to by witnesses upon the witness stand in this cause, a portion of the walls of said building was blown down, or a portion of the roof of said building was blown off, and fire immediately ensued, then that such falling of a portion of the said walls, or such blowing off of a portion of the said roof by the said explosion, was not such a falling of the said building, or a part thereof, as would terminate the insurance under the policies sued upon."

We regard this instruction as right upon principle, and fully sustained in Leonard v. Orient Ins. Co., 109 Fed. Rep. 286.

Appellant further complains that the court refused to give the instruction asked for by it, which reads as follows:

"The jury is instructed that the policies of insurance set forth in evidence contain the following provision: 'If a building or any part thereof fall except as the result of fire, all insurance by this policy on such building or its con-

tents shall immediately cease,' and if you believe from the evidence that the building described in the policies, occupied by the plaintiff at the time of the fire, alleged in the plaintiff's declaration, or any part thereof, fell, and the fall of such building or any part thereof was not the result of the fire, and was before any fire occurred, then you should find a verdict for the defendant."

If any error was committed in refusing to give this instruction, we regard it as having been cured by the special finding of the jury to the effect that the fire, which destroyed the property, preceded the explosion, and the same suggestion applies also to the refusal of the court to give the further instruction requested by appellant, which is as follows:

"The jury is instructed, that if you believe from the evidence that the explosion occurred in the building and premises occupied by the plaintiff, and that such explosion was not caused by fire in said premises, and that by reason of or on account of such explosion, the said building, or any part thereof, fell, then, in such case, under the terms of this policy, set forth in plaintiff's declaration, all insurance under said policy immediately ceased, and the plaintiff is not entitled to recover in this case."

At the request of appellant the court gave to the jury, and directed them to answer, two special interrogatories as follows:

"1. Did the building, or any part thereof, fall, except as a result of fire?

2. Was there fire burning in the building before or at the time of the fall?"

The record shows that as to interrogatory number 1, the jury wrote underneath it and returned it with the general verdict, saying: "The jury disagree." As to the second interrogatory, the jury returned the answer: "Yes."

We think that appellant was entitled to an answer to the first interrogatory, but when the verdict was returned with the interrogatory not answered, it was the duty of the plain-

tiff to then move the court to send the jury back to make specific answer to this question. No such motion appears of record, and under the authorities, we are compelled to hold that the point was waived. C. & N. W. Ry. Co. v. Johnson, 27 Ill. App. 351; Lloyd et al. v. Kelly, 48 Ill. App. 554; Wabash R. R. Co. v. Speer, 156 Ill. 244.

After a careful examination of the whole record, we are of the opinion that it does not disclose any reversible error. Accordingly the judgment will be affirmed.

*Affirmed.*