CHICAGO—FIRST DISTRICT—MARCH, 1919.    391

The North Am. Life Ins. Co. v. Maryland Cas. Co., 213 Ill. App. 391.

## The North American Life Insurance Company, Appellee, v. Maryland Casualty Company, Appellant.

### Gen. No. 24,147.

1. INDEMNITY, § 9*—*how bond insuring deposit account against insolvency of depositary bank construed.* In a suit upon a bond given by a casualty company insuring a deposit account of appellee against the insolvency of the depositary bank for a term of one year, the bond containing an indorsement providing that wherever the words "deposit account" appear in the bond they shall be construed to mean a certain certificate of deposit issued by the bank, *held* that the sum represented by the certificate, not the certificate itself with its conditions and limitations, was the thing insured, and the liability of the insurer for its nonpayment might arise at any time before expiration of the policy, and did not depend upon the diligence of insured in presentation or collection of the certificate on the day it was due.

2. INDEMNITY, § 8*—*what construction given contract.* Where the words of an insurance contract are so framed as to leave room for construction, the courts are inclined to lean against the construction which will impair the indemnity of the insured.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed March 18, 1919.

KELLY, HALE, DAMMANN & COOLIDGE, for appellant; J. F. DAMMANN, JR., of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit based upon an alleged breach of a bond given by appellant Casualty Company to appellee Insurance Company insuring a deposit of appellee against the insolvency of the La Salle Street Trust & Savings Bank. The case was heard without a jury and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

392    APPELLATE COURTS OF ILLINOIS.

The North Am. Life Ins. Co. v. Maryland Cas. Co., 213 Ill. App. 391.

the court's finding and judgment were for plaintiff in the sum of $9,160.95.

The bond is dated December 11, 1913, and reads as follows:

"Whereas, North American Life Insurance Company·of Chicago, Illinois (hereinafter called the Depositor) has opened a deposit account with the La Salle Street Trust & Savings Bank (hereinafter called the Bank) and desires to be secured against the insolvency of said Bank.

"Now, therefore, in consideration of a premium of Fifty 00/100 Dollars ($50.00) the Maryland Casualty Company, a corporation of the State of Maryland having its principal office in Baltimore City, in said State, (hereinafter called the Company) does hereby agree that if, during a term commencing at 9 o'clock a. m., on the 11th day of December, 1913, and ending at the close of banking hours of said Bank on the 11th day of December, 1914, the said Bank for a cause amounting to insolvency, or to temporary or permanent suspension of general payments, shall fail to pay to the Depositor upon proper order any sum or sums which shall be at the time legally due the Depositor, the Company will, within ten days after receipt of proof, satisfactory to it of a default hereunder, pay to the Depositor any such amount not exceeding the sum of Ten Thousand and 00/100 Dollars ($10,000.00) hereinafter called the penalty."

. On the back of the bond was indorsed:

"* * * It is further understood and agreed, that wherever the words 'deposit account' appear in the within bond the same shall be construed to mean certificate of deposit No. 201, dated December 11, 1913, issued by the La Salle Street Trust & Savings Bank to North American Life Insurance Company.
*    *    *    *    *    *    *

"Dated at Chicago, Illinois, this 11th day of December, A. D. 1913.

MARYLAND CASUALTY COMPANY,
By O. P. Alford,
Attorney."

The bank certificate referred to stated that the Insurance Company had deposited with it "Ten Thousand Dollars payable to the order of Themselves in current funds on the 11th day of June, 1914, without grace, on the return of this certificate properly indorsed. 3% Interest."

About noon of the day said certificate fell due the Insurance Company deposited it for collection with the Colonial Trust & Savings Bank which sent it at once by messenger to the La Salle Bank for payment. The messenger took in lieu thereof a cashier's check and left the certificate, which was stamped "paid." Later in the day the Colonial Bank returned to the La Salle Bank its cashier's check and received in place of it a check of the latter drawn on the Corn Exchange Bank, which was presented within a half-hour to the Corn Exchange Bank. The latter bank refused to pay or certify it because it was then after regular banking hours. The following day, June 12th, the La Salle Bank failed to open its doors for business, and the Corn Exchange Bank refused to pay the check. The Colonial Bank has refused to pay the check or give the Insurance Company credit therefor. The La Salle Bank had $32,000 in cash at the close of banking hours June 11th.

Appellant contends that said certificate with its conditions and limitations, and not the sum represented by it, was the thing insured by the bond; and that the certificate must be read into the contract as if fully set out therein. And it is argued that as the certificate was payable in "current funds" and appellee's agent accepted something else on the day of its maturity when the bank was able to pay in cash, and after which it was not, appellant under general rules applicable to suretyship was discharged from liability.

But we cannot accept the premises on which the conclusion is reached. We think it was the intendment of the bond to insure the deposit represented by the certificate rather than the certificate itself. If appellant's

394    APPELLATE COURTS OF ILLINOIS.

The North Am. Life Ins. Co. v. Maryland Cas. Co., 213 Ill. App. 391.

construction be correct, then there could be no liability on the bond for nonpayment of the certificate after June 11th, and the words in the bond which designate the period of liability as extending up to December 11th would have no application or significance. On the contrary, they would if the deposit represented by the certificate be deemed the thing that is insured. Giving construction, therefore, to all parts of the contract, we think the bond contemplated that liability for nonpayment of the certificate might arise from the causes designated therein any time up to December 11, 1914, and that, therefore, it is not a question of diligence in presentation or collection of the certificate on June 11th. If there be any doubt as to which of the two constructions is correct, then in aid of construction we might invoke the familiar rule stated in *Terwilliger v. National Masonic Acc. Ass'n,* 197 Ill. 9, that "where the words of a contract of insurance are so framed as to leave room for construction, the courts are inclined to lean against the construction which will impair the indemnity of the insured."

The judgment will be affirmed.

*Affirmed.*