North American Life Insurance Company for use of Maryland Casualty Company, Plaintiff in Error, v. Colonial Trust and Savings Bank, Defendant in Error.

### Gen. No. 29,089.

1. Banking—*admissibility of evidence in action against bank for negligence in collecting certificate of deposit on other bank.* In an action against a bank based upon its negligence in collecting a certificate of deposit on another bank which plaintiff deposited with defendant for collection but which defendant failed to collect before the other bank became insolvent, evidence should have been admitted which tended to show that on the day the certificate was deposited with defendant the other bank had money or credits from which the certificate would have been paid had defendant used due diligence.

2. Banking—*applicability of limitation of responsibility in deposit books to collection of certificates of other banks.* Provisions contained in the deposit books of a bank limiting its responsibility as to checks on other banks received for deposit are not applicable to certificates of deposit in other banks.

3. Banking—*authority of collecting bank to accept cashier's check.* In the absence of an agreement a bank receiving for collection a certificate of deposit in another bank is not authorized to receive a cashier's check instead of cash.

N. A. Life Ins. Co. v. Colonial T. & S. Bank, 236 Ill. App. 464.

4. SUBROGATION—*right of casualty company indemnifying against loss of bank deposits to be subrogated to principal's right of action.* Where, a casualty company issued its bond insuring the deposit of a life insurance company in a certain bank and the life insurance company deposited the certificate of deposit in defendant bank and it was lost because of the negligence of defendant in collecting it when due, the casualty company, upon being obliged to make good the loss, was entitled to be subrogated to the right of action which the life insurance company had against defendant.

5. BANKING—*variance between declaration and proof in action against bank for negligence in making collection.* In an action involving the negligence of defendant in collecting a certificate of deposit from another bank, plaintiff's right to recover was not lost by alleging that defendant accepted the bank's check in payment of the certificate as amounting to a declaration that the certificate had been paid although the proof showed it had not been paid, it being clear from a consideration of the declaration that it, in effect, charged that the certificate was surrendered to the bank for its check instead of money.

6. EVIDENCE—*admissibility of evidence to prove financial condition of bank.* That a bank which became insolvent on the day following the presentation of a certificate of deposit and the acceptance my defendant of its check instead of cash therefor had sufficient funds to have paid the certificate in cash when it was presented could be shown by the testimony of a witness who had actual knowledge of the facts without presenting the books themselves.

Error by plaintiff to the Superior Court of Cook county; the Hon. WALTER BREWER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed April 29, 1925. Rehearing denied May 15, 1925.

WILSON, McILVAINE, HALE & TEMPLETON, for plaintiff in error; J. F. DAMMANN, JR., of counsel.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for defendant in error; MITCHELL D. FOLLANSBEE and FRED BARTH, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

466     Appellate Courts of Illinois.

N. A. Life Ins. Co. v. Colonial T. & S. Bank, 236 Ill. App. 464.

The North American Life Insurance Company for the use of the Maryland Casualty Company, a corporation, brought suit against the Colonial Trust and Savings Bank to recover the amount which the Maryland Casualty Company had been required to pay to the North American Life Insurance Company, upon a breach of a bond given by the Casualty Company to the Life Insurance Company, and for which damages it claimed the defendant was primarily liable,— the theory of the suit being that the Casualty Company was subrogated to all the rights which the Life Insurance Company held against the defendant. At the close of all the evidence, there was a directed verdict in favor of the defendant, and this appeal followed.

The record discloses that on the 11th day of December, 1913, the Casualty Company issued its bond to the Life Insurance Company in the sum of $10,000 insuring a deposit of the Life Insurance Company against loss by reason of the insolvency of the La Salle Street Trust and Savings Bank. The Life Insurance Company at that time held a certificate of deposit for $10,000 issued by the La Salle Street Trust and Savings Bank, which certificate of deposit by its terms was due and payable on the 11th of June, 1914. The Life Insurance Company was a depositor of the Colonial Trust and Savings Bank, the defendant, and on the 11th day of June, 1914, it deposited the certificate of deposit with the defendant for collection. Shortly thereafter, on the same day, the defendant presented the certificate of deposit to the La Salle Street Trust and Savings Bank for payment. The La Salle Street Trust and Savings Bank, instead of paying the certificate of deposit, issued its cashier's check for $10,000 and the certificate of deposit was surrendered up to it. Later, on the same day, the defendant bank returned the cashier's check to the La Salle Street Trust and Savings Bank and

was given in lieu thereof a check for $10,000, drawn by the La Salle Street Trust and Savings Bank on the Corn Exchange National Bank, in which bank the La Salle Street Trust and Savings Bank carried a deposit. Upon receiving this check, the defendant bank presented it to the Corn Exchange National Bank for payment or to have it certified, but, as it was after banking hours, the Corn Exchange National Bank refused to pay or to certify the check. On the next date, June 11, 1914, the La Salle Street Trust and Saving Bank failed to open its doors for business.

Afterwards the Life Insurance Company brought suit against the Casualty Company on the bond and obtained judgment for $9,160.95. An appeal was perfected from that judgment by the Maryland Casualty Company to this court, where the judgment was affirmed. *North American Life Ins. Co. v. Maryland Casualty Co.*, 213 Ill. App. 391. Afterwards the Casualty Company paid that judgment and the instant action of assumpsit was brought for its use.

The declaration alleged that the Life Insurance Company was a depositor of the Colonial Trust and Savings Bank; that in due course of business it deposited with the Colonial Bank for collection a certificate of deposit for $10,000, issued by the La Salle Street Bank; that it thereupon became the duty of the Colonial Bank to collect the certificate in cash, but that the Colonial Bank disregarded its duty and accepted from the La Salle Bank in payment of the certificate of deposit a cashier's check of the La Salle Bank; that afterwards the La Salle Bank became insolvent and the check was never paid. To the declaration the defendant filed the general issue and several special pleas. The first special plea set up that what it did in connection with the certificate of deposit was done under the authority of the Life Insurance Company. The second special plea set up as a defense, the obtaining of the judgment by the

468 APPELLATE COURTS OF ILLINOIS.

N. A. Life Ins. Co. v. Colonial T. & S. Bank, 236 Ill. App. 464.

Life Insurance Company against the Casualty Company and the satisfaction of that judgment. By a further special plea the defendant alleged that plaintiff's claim had been adjudicated in the suit brought by the Life Insurance Company against the Casualty Company. Demurrers to those special pleas were overruled and replications were filed.

The only dispute in the evidence was as to whether the actions of the Colonial Bank in doing what it did in connection with the collection of the certificate of deposit was acting with the authority of the Life Insurance Company. But since there was a directed verdict at the close of all the evidence for the defendant, we must assume that the trial judge considered the evidence on this question immaterial, or otherwise it would be a question for the jury.

The theory of the plaintiff was that at the time the Colonial Bank presented the certificate of deposit to the La Salle Street Bank, the La Salle Street Bank had money with which to pay the certificate of deposit and that the Colonial Bank was not authorized to receive anything but cash for the certificate of deposit. A further theory of the plaintiff was that the La Salle Street Bank carried a deposit with the Corn Exchange Bank and that on June 11, 1914, the La Salle Street Bank issued a number of its checks on the Corn Exchange Bank, all of which were paid or certified by that bank on June 11, and all of those checks that were so certified were afterwards paid by the Corn Exchange Bank; and that if the Colonial Bank had been diligent, it could have obtained the $10,000. In support of its theory, the plaintiff offered evidence tending to show that the La Salle Street Bank on June 11 had money with which to pay demands made upon it, either in its own vaults, or on deposit with the Corn Exchange Bank. Most of this evidence was admitted, some of it, however, was excluded. We think all of the evidence should have

been admitted, because no recovery could be had in this case unless the Colonial Bank by the exercise of diligence could have obtained the cash. *First Nat. Bank v. Buckhannon Bank*, 80 Md. 475.

If the facts were, as plaintiff's evidence tended to show, that it deposited the certificate of deposit with the Colonial Bank for collection, then the Colonial Bank, in the absence of any agreement to the contrary, would not be warranted in accepting anything but cash for the certificate of deposit. But the defendant contends that it was guilty of no negligence in what it did, because there was an express contract between it and the Life Insurance Company whereby it had until June 12, 1914, to present the certificate to the La Salle Street Bank for payment; that this contract is contained in the deposit book issued by the Colonial Bank to the Life Insurance Company, which is as follows:

"Checks on this bank will be credited conditionally. If not found good at the close of business, they will be charged back to the depositors, and the latter notified of the fact. Checks on other city banks will be carried over upon presentation to the clearing house on the following day.

"This bank in receiving checks for deposit or for collection acts only as your agent, and beyond carefulness in selecting agents at other points, and in forwarding them, assumes no responsibility."

We think the paragraphs quoted from the deposit book do not sustain the defendant's contention. They refer to checks and not certificates of deposit. Moreover, the Colonial Bank, in the instant case, actually made presentation of the certificate of deposit to the La Salle Street Bank for payment, surrendered it up, and received in lieu thereof a cashier's check of the La Salle Bank. This it was not authorized to do, in the absence of any agreement, and whether there was such an agreement was a question for the jury, since the evidence was conflicting on this point.

470     APPELLATE COURTS OF ILLINOIS.

N. A. Life Ins. Co. v. Colonial T. & S. Bank, 236 Ill. App. 464.

The question whether the Colonial Bank exercised due diligence in endeavoring to collect the certificate of deposit was in no way involved in the suit brought by the Life Insurance Company against the Casualty Company, but that case turned entirely upon a construction of the bond. *North American Life Ins. Co. v. Maryland Casualty Co., supra.*

The theory on which recovery is sought in the instant case is that since the Casualty Company was required to pay the loss to the Life Insurance Company under its bond, and since the loss would not have occurred had the Colonial Bank been diligent, the Casualty Company is subrogated to the rights of the Life Insurance Company against the Colonial Bank. The right of subrogation is an equitable one and arises by operation of law. If as a matter of fact the certificate of deposit would have been paid had the Colonial Bank exercised due diligence, as plaintiff contends, then the loss was occasioned, not because of the insolvency of the La Salle Street Bank as defendant contends, but because of the lack of diligence of the Colonial Bank. In these circumstances, we think that the Casualty Company should be subrogated to the rights of the Life Insurance Company against the Colonial Bank, and obviously if the loss was occasioned through the fault of the Colonial Bank, it ought not to be subrogated to the rights of the Life Insurance Company against both the La Salle Street Bank and the Casualty Company, as the defendant contends. It would certainly be inequitable to permit the Colonial Bank to make any claim against the Casualty Company, which claim was occasioned by the Colonial Bank's own wrong.

The defendant, as we understand it, contends that plaintiff cannot recover, because it is alleged in the declaration that the certificate of deposit was paid, while the proof indicated that it was not paid. We think this is too narrow a construction to place upon

N. A. Life Ins. Co. v. Colonial T. & S. Bank, 236 Ill. App. 464.

the allegations of the declaration. It is alleged that defendant accepted the La Salle Street Bank's check in payment of the certificate of deposit, but upon a consideration of the declaration, it is clear that the declaration charges in effect that the certificate of deposit was surrendered to the La Salle Street Bank for its check instead of money.

There is some mention made in defendant's brief, although it is not argued, that the testimony of Spohr to the effect that there was sufficient cash in the La Salle Street Bank to pay the certificate of deposit was inadmissible on the ground that the books of that bank should have been produced. We think the objection to the evidence was properly overruled. *People v. Munday*, 204 Ill. App. 24; *People v. Gerold*, 265 Ill. 448. In these cases it is held that where the fact to be proved is the general result of an examination of books, evidence may be given by any competent person who has examined the books, provided the result is capable of being ascertained by calculation that any other method might tend to confuse the jury. Moreover, it appears from the record that Spohr's testimony as to the amount of the cash the La Salle Street Bank had on hand on the afternoon of June 11 was given without any reference to the books of the bank but as a result of his personal knowledge acquired from a counting of the actual cash on hand at the close of business on that day. Upon an examination of the entire record, we think the plaintiff made out a prima facie case, and, therefore, the court erred in directing a verdict for the defendant.

The judgment of the superior court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

THOMSON and TAYLOR, JJ., concur.