W. H. McGrahan, Appellant, v. Public Indemnity
Company, Appellee.

Gen. No. 36,014.

Opinion filed February 8, 1933.

GEORGE F. KILLINGER, for appellant; LEO B. CONDIT, of counsel.

JOSEPH H. HINSHAW, for appellee; OSWELL G. TREADWAY, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff, W. H. McGrahan, brought his action against the Public Indemnity Company, a corporation, in the superior court of Cook county to recover indemnity under a policy of insurance issued by the defendant. The defendant filed a demurrer to the dec-

laration which was sustained. Plaintiff·elected to stand by his declaration and judgment was entered against the plaintiff for costs.

In his declaration the plaintiff alleges that the defendant issued its policy of insurance by which it agreed to indemnify the plaintiff against loss by reason of the liability imposed by law upon the plaintiff for damages on account of bodily injury accidentally suffered, while the said policy of insurance was in force and effect, by any person or persons not in the employ of the plaintiff, by reason of the ownership, care, maintenance, occupation or use of the said premises or any business operations therein conducted by the plaintiff.

The declaration further charges that during the term of said policy of insurance one Ethel Bradley, while rightfully upon the premises of the plaintiff as a customer or patron, was injured because of hot boiling coffee having been spilled upon her thus causing injuries; that suit was instituted by the said Ethel Bradley against the plaintiff herein and that notice of said suit and of said action was furnished the defendant company which refused to appear and defend said action, as provided in said policy; that a judgment was obtained against the plaintiff for the sum of $500 which was paid and satisfied.

The declaration further charges that the plaintiff was compelled to and did expend considerable money in defending said suit and asks for a judgment against the defendant for the amount of the judgment rendered against him the plaintiff, together with the costs of defending the action.

Attached to the policy, which was made a part of the declaration, was a rider entitled, "Food and Drink Endorsement." ·This rider provided:

"This Policy is issued by the Company and accepted by the Assured with the express understanding and

agreement that it does not cover any loss or expense arising or resulting from claims upon the Assured for damages on account of bodily injuries suffered or alleged to have been suffered, including death resulting any time therefrom, by any person or persons by reason of any food or drink sold or dispensed by the Assured; anything in this Policy to the contrary notwithstanding.''

Under this rider the defendant insists that Ethel Bradley, the customer and patron of the plaintiff, was injured by reason of food or drink sold or dispensed by the assured, and that by reason of this rider defendant was not obligated to defend the suit or to pay any judgment entered therein. Plaintiff contends that, by the language of the rider, it was intended that the insurance company would not be liable for injuries or death sustained by reason of any person eating or drinking any foods or beverages dispensed by the plaintiff, but did include injuries to a person upon the premises received in the manner in which the said Ethel Bradley claimed to have been injured.

It is a rule in this State that a policy of insurance should be liberally construed in favor of the insured, and where the language is susceptible of two interpretations, the one in favor of the insured should be given preference. *Niagara Fire Ins. Co. v. Scammon,* 100 Ill. 644; *Healey v. Mutual Accident Ass'n,* 133 Ill. 556; *North American Life Ins. Co. v. Maryland Casualty Co.,* 213 Ill. App. 391. The policy of insurance in this case covered the entire premises of the assured, including the part or portion where the accident occurred, and agreed to indemnify the assured against any loss by reason of bodily injuries accidentally suffered by a patron while on the premises. In the absence of the rider to the policy, there is no question but that the defendant would be liable. The only question before this court is the interpretation to be placed upon the rider thereto attached.

The language used in the rider sets forth that the company will not be liable for damages on account of bodily injuries sustained by reason of any food or drink sold or dispensed by the assured. The coffee in question was not sold or dispensed to the customer who was injured, but the injuries were purely the result of an accident. It might be argued that coffee was sold and dispensed by the assured, but it appears to this court that the evident purpose of the rider was to exempt the company from those accidents which might arise by reason of the partaking of food or drink sold by the assured, such as food poisoning, ptomaine poisoning or illness caused by the quality or character of the food or drink sold or dispensed. Injuries received by reason of the partaking of foods and drinks constitute a well defined and well recognized branch of the law covering liability arising under such circumstances. Retailers who become liable under such circumstances have a right of action against manufacturers placing such articles for consumption upon the market. We do not believe the rider in question covered a situation, as charged in the declaration, where a customer was injured while upon the premises and by reason of an accident such as is charged in the declaration. At the time of the accident the coffee was not being sold or dispensed. It certainly does not appear to have been sold and, 'if dispensed, it was in a manner strange to the trade.

The declaration charges that the customer Ethel Bradley was accidentally injured by having some hot coffee spilled over her person. This would not be much different from having a heavy can or tin of foodstuff fall upon her while upon the premises. If she had been injured under the latter circumstances, it could not be very well contended that she was injured by the sale and dispensing of foodstuffs. The proximate cause of the injury was not the sale or dispensing

of food or drink, but the accidental spilling of hot coffee upon the person of Ethel Bradley, and in our opinion this circumstance does not come within the meaning of the rider to the policy. Cases somewhat similar in point are *Healey v. Mutual Accident Ass'n,* 133 Ill. 556; *Travelers' Ins. Co. v. Dunlap,* 160 Ill. 642.

For the reasons stated in this opinion the judgment of the superior court is reversed and the cause remanded with directions to overrule the demurrer and to take such other steps as are necessary in accordance with the views expressed in this opinion.

*Judgment reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.